JANE COLE and her children, plaintiffs in error, *vs.* THOMAS B. ELFE, defendant in error.

The one year's support allowed by the Acts of 1838 and 1850, to the family of a testator or intestate, out of the effects of the estate, is paramount to the lien of any debt, due or obligation, which the deceased can contract.

Complaint in *Bibb.* Decided by Judge POWERS, at May Term, 1857.

Upon application to the Ordinary of Bibb county, commissioners were appointed to appraise and set apart from the estate of Henry H. Cole, deceased, one year's support for his widow and three children, as provided and directed by statute.

The Commissioners returned that deceased left no property except a lot in the city of Macon, containing one-fourth of an acre, and which he in his life-time mortgaged to the Loan Association for $1600 ; more than double the worth of the lot.

They also find and return, that deceased owned two shares in said Loan Association. They set apart to the widow and children the said lot and improvements thereon, leaving the Loan Association to assert its mortgage lien :

The administrator, Thomas B. Elfe, refused to carry out this award, and to put the widow and children in pos-

Cole vs. Elfe.

session of the premises, or to pay them the rents and profits thereof, and for this refusal, Mrs. Cole complains, &c.

Upon the case coming up for trial, defendant moved to dismiss the case, upon the ground, that the declaration disclosed or set forth no cause of action.

The Court granted the motion, and dismissed the case, and plaintiff's counsel excepted.

STUBBS & HILL, for plaintiffs in error.

LANIER & ANDERSON, for defendant in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

We differ from the Court below, in holding that the family of the intestate were not entitled to a support out of the the assets of the estate, as against the mortgage lien of the Building and Loan Association. The *Acts* of 1838 and 1850, (*Cob* 296 and 298,) created this reservation for the maintenance of the widow and children, "notwithstanding any debts, dues or obligations which the testator or intestate might owe."

What is the conflicting claim here, but a *debt* or *obligation*, secured by mortgage? and one contracted too in the face of this most beneficent provision of the law. It is argued that by displacing the mortgage lien, you divest a vested right, whereas the very converse of the proposition is true. Set aside this allowance and you do in truth divest a vested right, and one of which like the wife's inchoate right to dower, the husband cannot deprive her. The one is as perfect as the other, both being contingent upon the prior death of the husband for their consummation.

These statutes are abiding memorials of the wisdom and humanity of the Legislature. We know of no condition in life more pitiable than to turn into the streets, without a day's preparation, the widow and offspring of one, upon

whom they have relied for their daily bread, and to expose them to wretchedness, and perhaps inconceivable ruin, before they can find the means of support by their own labor. To fritter away these Acts, we should be faithless to our high vocation. Rather let us uphold them in all their amplitude. Credit is given in reference to them, consequently no one has a right to complain.

But we know of no adequate remedy at law, to enforce this right. And in the present case, we think the better, if not the only remedy is, to file a bill against the administrator, to compel him to execute the award made by the commissioners. The Loan Association may or may not be made a party at the option of the complainants. If made a party, it would be bound by the decree, and thus all further litigation would be prevented.

The complainants would be entitled of course to recover rent since the property has been withheld.

Judgment affirmed with directions.