LIVINGSTON *et al. vs.* LANGLEY.

79 169
e110 534

Where a man dies indebted to the sureties on his bond to the State as tax-collector, for money which they have paid on a *fi. fa.* issued by the comptroller-general against him as principal and them as sureties, for taxes collected by him and not paid into the treasury, and where his assets consist in part of an amount to his credit on

the books of the county for his commissions on the county taxes, but resulting, perhaps, from money derived from State taxes which he paid into the county treasury when he ought to have paid the same into the State treasury, his widow is entitled to have this balance due from the county applied to her year's support, and to have it set apart for that purpose to the exclusion of her husband's creditors, including said sureties on his official bond.

April 15, 1887.

Principal and Surety.   Debtor and Creditor.   Bonds. Tax.   Year's Support.   Before Judge BOYNTON.   Newton Superior Court.   September Term, 1886.

Reported in the decision.

J. M. PACE; MYNATT & CARTER, for plaintiffs in error.

SIMMS & SIMMS, by brief, for defendant.

BLECKLEY, Chief Justice.

The tax-collector of Newton county was a defaulter. An execution was issued by the comptroller-general, against him, and his sureties upon his official bond, for the amount of his default.   This execution was paid in part by himself, and in part by his sureties.   He made provision to reimburse the sureties, but not sufficient to cover all that they had to advance for his benefit.   He had collected the county taxes and paid them over.   In making such payment, he paid in an amount of money in excess of the county taxes, to the extent of his commissions and about $13 more.   So that he had to his credit on the books of the county treasurer his commissions on the county taxes and this small overplus.   He died.   His widow applied to the ordinary to have a year's support set apart to her and the minor children.   This was done; and amongst the assets assigned to her for her year's support was this account against the county for the balance standing on the books in her husband's favor.   Upon the return of that allowance

by the commissioners, it was caveated by the sureties on
the official bond, and they set up that the balance in the
county treasury to the credit of their principal, the de-
ceased tax-collector, was produced by paying into the
treasury of the county some of the money collected for
State taxes; and therefore, that they were entitled to it,
rather than the widow and children as a year's support.
There was an appeal from the decision of the ordinary on
the question, and upon the trial of the appeal in the supe-
rior court, the facts and the law were determined by the
judge, and he held that the widow and children were en-
titled to the money; and to that decision this writ of error
is brought.

Where a man dies indebted to the sureties on his bond
to the State as tax-collector, for money which they have
paid on a *fi. fa.* issued by the comptroller-general against
him as principal and them as sureties, for taxes collected
by him and not paid into the treasury, and where his assets
consist in part of an amount to his credit on the books of
the county for his commissions on the county taxes, but
resulting, perhaps, from money derived from State taxes
which he paid into the county treasury when he ought to
have paid the same into the State treasury, his widow is
entitled to have this balance due from the county applied
to her year's support, and to have it set apart for that pur-
pose to the exclusion of her husband's creditors, including
said sureties on his official bond.

It is not quite certain, under the evidence, that any of
the money derived from State taxes was paid into the
county treasury.  And there is no evidence whatever that
the identical money paid in was there still at the death of
the tax-collector, or that it was kept separate from the
other county funds.  No identification of specific money
belonging to the State has even been attempted.  The
case is therefore plainly distinguishable from *Cooper vs.
White,* 19 *Ga.* 554.  The State is not claiming the money,
so as to bring the question within the principle ruled in

*Spain vs. Beach*, 52 *Ga.* 494. And the proceeding is not one involving the right of subrogation, as in *McLewis vs. Furgerson*, 59 *Ga.* 644. Both parties here treat the fund in controversy as assets to be administered, and so treated, the year's support stands on the footing of expenses of administration. Code, §2571. The year's support takes precedence even of taxes due the State. Code, §2533, ¶ 2.

Judgment affirmed.