## COMMERCIAL BANK OF AUGUSTA *v.*
## BURCKHALTER *et al.*

A widow holding an execution against the administrator of her deceased husband for a year's support has the right to redeem land which the latter in his lifetime had conveyed to another for the purpose of securing a debt; and, upon her so doing, may have the land sold under her execution and take its proceeds in preference to a judgment creditor of the intestate whose judgment was obtained before the execution of the security deed.

August 3, 1896.

Rule. Before Judge Callaway. Richmond county. May 11, 1896.

*Joseph R. Lamar,* for plaintiff in error.
*Salem Dutcher,* contra.

Lᴜᴍᴘᴋɪɴ, Justice.

In 1891 the Commercial Bank of Augusta obtained a judgment against Joseph H. Burckhalter. In 1892 the latter conveyed land then subject to the lien of the bank's judgment to Hanlon for the purpose of securing a debt due him. In 1893 Burckhalter died intestate. Upon proper proceedings, a year's support in money was set apart to his widow; and in 1895 the ordinary issued an execution for the same in her favor against the administrator. Thereupon, Mrs. Burckhalter paid Hanlon out of her own funds the amount of the debt secured by her husband's deed to him, and he canceled the deed and surrendered the same to the

administrator, it being recited in the instrument of cancelation that this was done "to the intent that the title to the property mentioned in and conveyed by said deed may be reconveyed to and vested in the estate of said Joseph H. Burckhalter, as assets thereof, to be distributed by said administrator."

These being the facts, the question is: Which is, in law, the superior lien upon the land, the judgment in the bank's favor, or that in favor of the widow for her year's support? In our judgment the latter is unquestionably entitled to the precedence. While Burckhalter was yet in life, the security deed to Hanlon would have presented no obstacle to an enforcement of the bank's execution by a sale of the land as the property of Burckhalter. His death produced no change in the respective rights of the bank and Hanlon. So far as these two parties were concerned, the lien of the bank continued to be superior to the security deed. This is so because, relatively to Hanlon, it was the right of the bank to treat the land as the property of Burckhalter, irrespective of the question of his death. When, therefore, the widow redeemed the land by paying off Hanlon with her own money, she did not in the least degree, so far as concerned the bank, change or affect the status of or title to the property. She simply put the title back in her deceased husband's estate; and there, according to the bank's theory, and so far as its rights were involved, the title had been all the while. When, however, the widow satisfied Hanlon's claim and procured from him a cancellation of the deed which had stood in the way of the collection of her year's support, her lien upon the land became perfect and complete; and as the law makes the year's support a debt of the very highest dignity against the property of the estate, the bank must be postponed. It has lost its money, not because of the cancellation of the deed from Hanlon—for that deed was never in the bank's way nor in any manner affected its rights—but because the

death of Burckhalter and the setting apart of a year's support brought into existence a new and higher lien upon the property of the estate than the bank's judgment.

*Judgment affirmed.*