CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WRIGHT,
comptroller-general, *et al.*

1. Stock in an Alabama railroad company whose lines lay outside of Geor-
gia was owned by the Central Railroad and Banking Company of Georgia,
a domestic corporation. To secure an issue of bonds that company con-
veyed the stock by deed of trust to a New York trust company, and an
entry of transfer of the stock to the trust company was made on the
books of the Alabama corporation. The Central Railroad and Banking
Company of Georgia went into the hands of a receiver, its assets were
disposed of at judicial sale, and the Central of Georgia Railway Com-
pany, a new corporation chartered under the laws of Georgia, became the
owner of its properties, including the equitable interest in the Alabama
stock. The New York trust company has the physical possession of the
stock certificate, as well as the legal title thereto, but every beneficial
interest, including the right to receive dividends and to vote the stock,
as well as the equity of redemption, is owned by the Central of Georgia
Railway Company, subject only to its compliance with the terms of the
bonds to secure which the deed of trust was given. *Held,* that the sub-
stantial, beneficial ownership of the stock being in the Central of Georgia
Railway Company, that company is liable to be taxed thereon in Georgia.
2. On all other points presented by the record, this case is controlled by the
decision in *Georgia R. Co. v. Wright,* ante, 596.

Argued November 22-25, 1905.—Decided January 9, 1906.

Petition for injunction. Before Judge Pendleton. Fulton supe-
rior court. June 14, 1905.

*Lawton & Cunningham* and *Alexander C. King,* for plaintiff.

*John C. Hart, attorney-general,* and *J. D. Kilpatrick,* for de-
fendant.

CANDLER, J. This case differs but slightly from the case of
*Georgia R. Co.* v. *Wright,* ante. No question of res adjudicata or
of the statutes of limitation is involved in the present case, but
otherwise the two cases are identical in principle, save as to the one
question now for determination. That question grows out of the
peculiar character of the ownership by the Central of Georgia Rail-
way Company of its half of the capital stock of the Western Railway
of Alabama. It appears that this stock was originally owned by
the Central Railroad and Banking Company of Georgia, which com-
pany, in 1887, conveyed it by a deed of trust to the Central Trust
Company, of New York, to secure an issue of bonds amounting to
five million dollars. In 1892 the property of the Central Railroad
and Banking Company was placed in the hands of a receiver in the

circuit court of the United States, the equitable interest in this stock being part of the property turned over to the receiver. Subsequently, pursuant to orders granted by the United States court, the receiver pledged this equitable interest to secure a loan of money, and the Mercantile Trust Company, of New York, eventually became the owner of the equity by purchase at public sale. The property of the Central Railroad and Banking Company was sold under an order of court, and subsequently the Central of Georgia Railway Company, the present plaintiff in error, was incorporated, and became the owner, by successive transfers, of the equitable interest in this stock. Under the terms of the trust deed from the Central Railroad and Banking Company to the Central Trust Company, the stock was transferred on the books of the Western Railway of Alabama, and stands in the name of the Central Trust Company. The physical possession of the stock certificate is also in the latter company. The grantor in the deed, however, is allowed to receive the dividends earned by the stock, contingent only upon the payment of interest on the bonds to secure the payment of which the deed of trust was given, and has the trustee's proxy to vote the stock in all elections of the Western Railway of Alabama. In short, the property which the stock represents is situated in Alabama; the stock itself and the legal title to it under the deed of trust are in New York; the beneficial ownership of the stock, and the right to vote it, to receive its dividends, and to acquire the legal title to it upon the payment of the bonds, are in the Georgia company. The question is, where is the situs of the stock for purposes of taxation.

We have seen, in the case of *Georgia R. Co.* v. *Wright,* supra, that the situs of stock in a foreign corporation, for the purposes of taxation, is at the domicile of the owner of the stock. Now, the ownership of the stock involved in the present case is, as it were, split. The Central Trust Company, of New York, is the owner of the legal title, and the plaintiff in error owns the equity of redemption and the right, on compliance with the terms of the deed of trust executed by its predecessor in title, to enjoy every substantial benefit flowing from the stock. We agree with counsel for the railroad company that the deed of trust comes squarely within the terms of the Civil Code, §2771, and that it conveyed to the trustee the full legal title to the stock during the life of the bonds which it was given to secure, subject to be defeated by the payment

of the principal of the bonds at maturity, together with interest as it accrued. That, however, does not settle the question of taxable ownership in favor of the contentions of the plaintiff in error. For we find that in Georgia the law looks, in matters of taxation, rather to the substantial, beneficial ownership of property conveyed under the Civil Code, §2771, than to the shadowy, technical ownership of the legal title. Thus, in the Political Code, §778, it is provided that "while the public may treat the property as belonging either to the maker or the holder of a bond for titles, when the latter is in possession, yet as between the parties the one receiving the rents or enjoying the use is liable for the tax." And in *Wells* v. *Savannah,* 87 *Ga.* 399, Mr. Chief Justice Bleckley, delivering the opinion, used the following apt and pointed language, the application of which to the case now in hand seems irresistible: "The value of property consists in its use, and he who owns the use forever, though it be on condition subsequent, is the true owner of the property for the time being. . . Where taxation is ad valorem, values are the ultimate objects of taxation, and they to whom the values belong should pay the taxes." To the same effect see *National Bank* v. *Danforth,* 80 *Ga.* 55. We are not unmindful of the fact that many eminent authorities, cited in the brief of counsel for the plaintiff in error, sustain the contention that the situs for taxation of property conveyed by a deed of trust is at the domicile of the trustee, who holds the legal title; but the cases cited seem to rest mainly on statutory grounds. As was said in Dorr *v.* Boston, 6 Gray (Mass.), 132, relied on by counsel for the plaintiff in error: "The rules of taxation are wholly of statute provision." Our own statutes, and the decisions of our court of last resort, lay down a different principle, and by that we are bound.

The Central of Georgia Railway Company receives the dividends, votes the stock, and has every beneficial interest in the property except the doubtful one of physical possession. In accordance with the Georgia authorities which we have cited, we therefore hold that it is liable to pay the tax. It does not matter that it never owned the legal title at any time, and is not a party to the deed of trust by which it was conveyed to the Central Trust Company nor to the bonds the redemption of which by it is necessary to its ownership of the legal title. The important fact is that it now has the substantial equitable, taxable ownership of the property.

As has been indicated, on all points presented by the record which are not dealt with in the foregoing discussion, the case of *Georgia R. Co.* v. *Wright,* 124 *Ga.* 596, is controlling. As the only tax sought to be enjoined in the present case is that for the year 1900, the directions given in the former case are not pertinent to this.　　　*Judgment affirmed. All the Justices concur.*