CENTRAL OF GEORGIA RAILWAY COMPANY v.
WRIGHT, comptroller-general, et al.

This case is controlled by the decisions in *Central of Georgia Railway Co. v. Wright,* 124 *Ga.* 630; *Georgia Railroad & Banking Co. v. Wright,* 124 *Ga.* 596; and *Georgia Railroad & Banking Co. v. Wright,* this day decided.

Argued April 18,—Decided May 24, 1906.

Equitable petition. Before Judge Pendleton. Fulton superior court. February 2, 1906.

*Lawton & Cunningham* and *Alexander C. King,* for plaintiff.

*John C. Hart, attorney-general,* and *James D. Kilpatrick,* for defendant.

COBB, P. J. This case was argued with the case of the *Georgia Railroad and Banking Co. v. Wright,* this day decided, and is controlled by the ruling made in that case, as to many of the points involved. In so far as the other questions raised are concerned, it is controlled by the decisions in *Central of Ga. Ry. Co. v. Wright,* 124 *Ga.* 630, and *Ga. Railroad & Banking Co. v. Wright,* Id. 596. There was in this case a contention similar to that made in the case first referred to, that the assessments made by the comptroller-general for certain years were premature, on the ground that during the time that the plaintiff was allowed by law to make a return for taxes, both the comptroller-general and the plaintiff were enjoined by an order of the United States circuit court for the northern district of Georgia, the latter from making any return and the former from receiving any return. The Central Trust Company of New York filed a bill in equity in the United States court, praying for an injunction of the character above referred to, and on December 22, 1902, an injunction was granted. This injunction was finally dissolved on February 10, 1905, and the bill was dismissed without prejudice. During the time that this bill was pending, the time allowed by law for making returns for the years 1903 and 1904 expired. Restoring the status as it existed at the time that

the injunction was granted, the plaintiff would have had, under the law, from January 1 to May 1 in each year, that is a period of four months, to make returns for taxation. If the plaintiff had made a return within this time, after February 10, 1905, it would not have been a defaulter. But not having made such a return in this time, it was, after the lapse of this time, a defaulter and subject to be proceeded against as such. Hence the assessment made by the comptroller-general on January 23, 1906, was not premature. It is said, though, that immediately after the dismissal of the bill in the United States circuit court on February 10, 1905, an injunction was granted by the judge of the superior court of Fulton county, enjoining the comptroller-general from proceeding to collect taxes on the stock in question, and that the plaintiff should not be considered a defaulter on account of the time that elapsed while this injunction was pending. This injunction was finally dissolved on January 22, 1906. The claim is that the plaintiff would not be a defaulter until the lapse of the time allowed in each year for a return had expired, after the date just mentioned. It has been held that this injunction was wrongfully granted. It was granted at the instance of the plaintiff. The plaintiff can not claim now the right to make a return after the time allowed by law, when its failure to make a return was due to its own act, and when the inability of the tax officer to receive the return resulted from the proceeding instituted by it, which was finally held to have been unauthorized under the law. A taxpayer can not wrongfully tie the hands of the tax officer and claim a benefit as a result therefrom. If a taxpayer fails to make a return in the time required by law, he is a defaulter. If he wrongfully prevents the tax officer from receiving his return within such time, it does not lie in his mouth to say that the period elapsing during the time that the tax officer is wrongfully restrained at his instance can not be counted against him.          *Judgment affirmed.     All the Justices concur.*