BEATON *v.* WARE COUNTY *et al.*

No. 7920. JANUARY 17, 1931.

*Parks & Garrett* and *Harry D. Reed,* for plaintiff in error.
*J. D. Blalock* and *W. C. Parker,* contra.

HINES, J. On December 4, 1922, D. and O. Lott and E. D. Dimmock entered into a written agreement by the terms of which the former agreed to convey to the latter certain described real estate upon the payment of a consideration of $30,000, of which $18,000 was payable at the rate of $300 per month from the date of the agreement to December, 1927, and $12,000 was payable December 10, 1927. The agreement stipulated that Dimmock should pay all taxes and assessments on this land on and after January 1, 1923. The agreement further stipulated that if Dimmock should fail to pay any part of the consideration, D. and O. Lott should have the right to sell the land at public outcry and to become the purchasers at the sale. Dimmock died in 1926, without having paid the purchase-money for the land. In July 1926, his widow made application to the court of ordinary of Ware County for a year's support for herself and two minor children. By judgment of the court of ordinary, rendered on August 2, 1926, the equity of Dimmock in the above contract and in said land was set apart to the widow as a year's support for herself and her two minor children. By deed executed on August 5, 1927, the widow conveyed this land, subject to the above agreement, to J. A. Lott. On October 2, 1927, J. A. Lott conveyed this land, subject

to said agreement, to D. and O. Lott. On November 2, 1927, D. and O. Lott sold this land at public outcry, under the power of sale contained in said agreement, and became the purchasers at the sale, and conveyed the land to themselves. By deed dated November 28, 1927, D. and O. Lott conveyed this land to S. T. Beaton.

Dimmock returned this land and personal property for taxation for the years 1923, 1924, 1925, and 1926. He did not pay the taxes. On August 9, 1929, the tax-collector of Ware County issued executions against the widow of Dimmock and the two minor children as the heirs at law of Dimmock, for the State and county taxes for each of said years. These executions were levied on this land as the property of the widow and children as the heirs at law of Dimmock. Beaton filed his claim, in which he alleged the facts above stated, and that this land was not the property of the above-named parties but was his property, and that the land was not subject to the executions, by reason of the facts stated. The claim coming on for hearing, counsel for the State and County moved to dismiss it upon the ground that it did not show any title in the claimant, superior to the lien for taxes. The judge sustained this motion, and dismissed the claim. To this judgment Beaton excepted.

A year's support may be set apart in any interest of a decedent in land held by him under a bond for title or executory contract of sale; and whatever interest a decedent has in such realty passes to his widow and children as a year's support. The year's support judgment takes effect upon all the interest of the decedent in such land. *Winn* v. *Lunsford,* 130 *Ga.* 436, 442 (61 S. E. 9) ; *Whatley* v. *Walters,* 136 *Ga.* 701 (71 S. E. 1103) ; *Bates* v. *Burden,* 148 *Ga.* 157 (96 S. E. 178). Such year's support is not superior to the claim of a creditor of the decedent, who holds title to the land as vendor thereof under an executory contract of sale, or under a deed to secure debt. *Whatley* v. *Walters,* supra; *Fullbright* v. *Boardman,* 159 *Ga.* 162 (135 S. E. 44, 37 A. L. R. 532) ; *Jackson* v. *Lee,* 161 *Ga.* 818 (131 S. E. 893). So where the vendor conveys the property to another, and takes a mortgage to secure the purchase-money, the claim of the vendor is superior to a year's support. Civil Code (1910), § 4048. The claim of the State and County for taxes is inferior to a year's support. Civil Code (1910), § 4000. If the entire interest in land of the decedent is set apart

to his widow and minor children as a year's support, such land is not liable to State and county taxes due by the deceased husband and father. So if an equitable interest in land of a decedent is set apart as a year's support for his widow and minor children, generally such equitable interest would not be liable to State and county taxes. But we have seen that a year's support set apart in land is inferior to the claim of the vendor for the purchase-money thereof. When the purchaser of land under a bond for title or other executory contract of sale agrees therein to pay the purchase-money thereof and the taxes thereon, and the purchaser is put in possession of the land, receiving and enjoying the income therefrom, and the equitable interest of the purchaser is set apart as a year's support to his widow and minor children, the widow would have to pay off the purchase-money debt, including the taxes which accrued on the property, before she would be entitled to enjoy such equitable interest against the claim of the State and County for taxes due on the land. The interest which the beneficiaries under the year's support take in such a case is what remains after the payment of the purchase-money and taxes which the decedent agreed to pay. The widow would have to discharge these claims before she could set up a superior title to the vendor of the land. The obligation of the purchaser, under a stipulation in a contract by which he is to pay the taxes on the property, is in the nature of purchase-money; and the land as a whole is subject to the payment of such taxes. Under such a stipulation the vendor could enforce his claim for purchase-money and taxes against the entire interest in the land. So where the purchaser is in possession under such a contract and stipulation, and returns the entire interest in the property for taxation, the State and County can enforce its claim for taxes against the entire interest in the land. The lien of the State and County for such taxes would not be divested by the exercise by the vendor of the power of sale in the contract of purchase. The land, after the original vendor had exercised the power of sale and had purchased the same, would still be liable for the taxes in the hands of one who so purchased from the original vendor.

The fact that the equitable interest in the land had been set apart to the widow and minor children of the decedent as a year's support would not relieve the entire interest therein from the payment of

taxes. This could be effected only if the beneficiaries of the year's support, or some one claiming under them, had paid off the purchase-money and taxes for which the purchaser under the contract of sale was liable. It was not incumbent upon the State and County to show, on the trial of the claim case, the proportion of the taxes due on this land and what was due on the personal property; but it was the duty of the claimant to allege these facts in his claim, and to pay or offer to pay his proportion of the taxes. Failing to do this, the judge did not err in dismissing the claim. *State* v. *Hancock,* 79 *Ga.* 799 (5 S. E. 248).

■ For the purposes of taxation the public may treat property as belonging either to the maker or the holder of a bond for title or other executory contract of sale, when the latter is in possession of the property taxed. Civil Code (1910), § 1018; *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (7 S. E. 546) ; *Penick* v. *Atkinson,* 139 *Ga.* 649, 653 (77 S. E. 1055, 46 L. R. A. 284, Ann. Cas. 1914B, 842). So we are of the opinion that the trial judge did not err in dismissing the claim and thereby holding that the land was subject to these taxes.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*