REAL ESTATE LOAN COMPANY *v.* UNION CITY.

BELL, J. 1. Aside from such exemptions from taxation as may be provided by law (Civil Code of 1910, §§ 6554, 6556; *Tarver* v. *Dalton*, 134 *Ga.* 462, 67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281), parties can not by any sort of contract defeat the right of the government to collect the taxes for which property would otherwise be liable. *Bibb National Bank* v. *Colson*, 162 *Ga.* 471 (134 S. E. 85); *Decatur County Building & Loan Asso.* v. *Thigpen*, 173 *Ga.* 363 (160 S. E. 387).

2. While the grantor and grantee in a security deed may agree as between themselves as to which shall be liable for the taxes upon the property

conveyed, the complete title is nevertheless subject to taxation as a whole, and a sale made in pursuance of a proper assessment and execution would divest the interest and title of each of the parties, with the exception of the right of redemption. Civil Code (1910), §§ 1018, 1140, 3333; *National Bank* v. *Danforth*, 80 *Ga.* 55 (7 S. E. 546); *Bank of the University* v. *Athens Savings Bank*, 107 *Ga.* 246 (33 S. E. 34); *Phœnix Mutual Life Insurance Co.* v. *Appling County*, 164 *Ga.* 861 (6) (139 S. E. 674).

3. Where, after the death of the grantor in a security deed, the equity of redemption is set apart as a year's support to his widow and minor children, such equitable interest would not be liable for any part of the taxes which had previously accrued (Civil Code of 1910, § 4000, par. 1; *Livingston* v. *Langley*, 79 *Ga.* 169, 3 S. E. 909); but the interest represented by the legal title would not for that reason be relieved of the tax lien, and may be sold to satisfy the entire amount of the tax claim. *Beaton* v. *Ware County*, 171 *Ga.* 798 (156 S. E. 672).

4. The present case involves no question as to the party or parties against whom the assessment should be made or against whom the tax execution should be issued; but the sole matter for decision is whether the legal interest may be sold for a tax upon the whole interest, where the year's support is superior to the tax lien with respect to the equity of redemption.

5. Upon application of the principles stated above, the petition in this case failed to show sufficient cause for enjoining the proposed sale under municipal tax fi. fas., and the general demurrer filed by the municipality was properly sustained. *Judgment affirmed. All the Justices concur.*

No. 9333. MAY 11, 1933.

*Roy S. Drennan,* for plaintiff. *Henry T. Golightly,* for defendant.