GEORGIA REFINANCING & LOAN CO. *v.* CITY OF MARIETTA *et al.*

ATKINSON, J. A proprietor conveyed real estate as security for debt, and subsequently returned it and certain personalty for municipal taxation. A tax execution was issued in personam against the proprietor for taxes due on the entire property for the year 1930. The proprietor died insolvent in 1932, leaving a widow and minor children, while the security deed was unsatisfied. The realty was set apart, subject to the security deed, as a statutory year's support to the widow and minor children. The widow conveyed the realty, subject to the security deed, to a purchaser. Subsequently the grantee in the security deed sold the realty by exercise of a power of sale, the grantee of the widow becoming the purchaser for less than the secured debt. After such sale the tax execution was levied upon a part of the realty. The purchaser instituted an action against the municipality and the levying officer, to enjoin collection of the execution, on the ground that its lien upon the realty had been "divested under section 4000" of the Civil Code in virtue of the statutory year's support set apart to the widow, and that the purchaser standing in her position was protected. There was no allegation of the value of the realty or of the equity set apart to the widow, and no offer to pay any part of the tax. *Held:*

1. Any equity in the realty, over and above the secured debt, would be superior to the tax in virtue of the statutory year's support (Civil Code, § 4000); but the estate represented by the outstanding security deed would not be affected by the judgment setting apart the year's support, and such estate would be subject to the tax. *Real Estate Loan Co.* v. *Union City*, 177 *Ga.* 55 (3) (169 S. E. 301); *Beaton* v. *Ware County*, 171 *Ga.* 798 (156 S. E. 672). A different ruling is not required by the decision in *Felton* v. *McArthur*, 173 *Ga.* 465 (160 S. E. 419).

2. The property having failed to bring the amount of the secured debt, there was no property upon which the year's support could operate, and consequently the realty was subject to the execution. If the year's support had been of any value, there should have been an offer to pay the amount of the tax less the tax on the value of the year's support.

3. The judge did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*

No. 10066. APRIL 12, 1934.

*William H. Mewbourne,* for plaintiff.
*Blair & Gardner,* for defendants.