## J. R. WATKINS CO. *v.* FARMERS FERTILIZER CO.

No. 14411. MARCH 9, 1943.

456

*A. J. MacDonald* and *Roy Arthur Bell,* for plaintiff in error.
*S. P. Cain,* contra.

REID, Chief Justice.  ■  The widow took the equity of redemption in the property subject to the two outstanding security deeds. Code Ann. 1941 Cumulative Supp. § 113-1002; *Winn* v. *Lunsford,* 130 *Ga.* 436, 442 (61 S. E. 9); *Smalley* v. *Bassford,* 191 *Ga.* 642 (2) (13 S. E. 2d, 662); *Minchew* v. *Juniata College,* 188 *Ga.* 517 (2) (4 S. E. 2d, 212). The lien of the judgment, while of record ahead of the second security deed, was nevertheless made by statute inferior to the claim of the widow for year's support .(Code § 113-1,002). She could redeem the land by paying off the security

deeds and hold it free from the lien of the judgment. *Commercial Bank of Augusta* v. *Burckhalter,* 98 *Ga.* 736 (25 S. E. 917). It is also true, as contended by the defendant, that when the year's support was set apart and became operative, the estate of the deceased husband no longer had any interest in the property. *Winn* v. *Lunsford,* supra; *Calhoun National Bank* v. *Slagle,* 53 *Ga. App.* 553, 555 (186 S. E. 445). The legal title was then in the grantees of the security deeds. The equity of redemption was held by the widow, but subject nevertheless to the right of the holders of the security deeds to bring the property to sale in, a proper manner for the payment of the debts secured. In *Wood* v. *Dozier,* 142 *Ga.* 538, 541 (83 S. E. 133), the court dealt with a somewhat similar situation. In that case the owner of land had given to one of his creditors a security deed, taking from him a bond for reconveyance to the grantor. He thereafter gave to another creditor a mortgage on the same property, and still later to another creditor a second security deed, at the same time transferring to the grantee in the second security deed his bond for title. After the death of the grantor in these several instruments, a judgment for a certain sum of money as a year's support was rendered in favor of his widow, who contended that the lien of her judgment was of higher dignity than any held by the creditors. The property involved was sold free of all liens and claims, with an agreement by all of the parties that the priority of the liens which attached to the fund arising from the sale should be determined by the judge. The property did not sell for enough to pay all of the claims. The fund was so awarded as to pay in full the claim of the creditor holding the first security deed, and to apply the balance next to the discharge of the debt secured by the second security deed, with the remainder to be credited on the judgment for the year's support, thus excluding the mortgagee from participating in the funds, although his mortgage was of record ahead of the second security deed. In the opinion in that case it was said: "Before either the claim of Wood under his mortgage or that of the widow for year's support could attach to the property, or the proceeds of the sale under the agreement, it was necessary that the property or such proceeds should become the property of the estate of Dozier; and this could not be until the Etheridge or Treadwell & Company claim was paid, although when created it was agreed that it was

inferior to the mortgage of Wood. It follows that the judge did not err in the judgment rendered." It is to be noted that two features in that case tend to distinguish it from the case now before us. First, the holder of the second security deed held also by a transfer the bond for title which the holder of the first security deed had given to the intestate. Second, there was an excess of funds from the sale of property, over and above the amount necessary to free the property from the security deeds outstanding; and thus the widow, armed with her judgment for a year's support, as to such excess was in competition with the holder of the mortgage whose claim was as to her inferior. The record in *Real Estate Loan Co.* v. *Union City,* 177 *Ga.* 55 (169 S. E. 301), showed that the holder of a security deed, after the death of the grantor and after the equity of redemption in the land so conveyed by the security deed had been set apart to the widow as a year's support, in the exercise of its power of sale sold the property, as in the present case, for a sum less than sufficient to pay the debt secured, and thus divested the interest of the widow. It was claimed in that case that liens for taxes which had accrued before the death of the grantor had become divested by the judgment for year's support, and that the purchaser at the sale held the property free from such lien. The plaintiff in that case, conceding that ordinarily the lien for taxes would be ahead of the debts secured by deed, urged that since the property had been set apart to the widow as a year's support, and since the claim for taxes was inferior in rank to such claim for year's support, the holder of the security deed, or the purchaser under him, could benefit from this situation, and thus be relieved of a tax lien. This court rejected that contention, and held as follows: "Where, after the death of the grantor in a security deed, the equity of redemption is set apart as a year's support to his widow and minor children, such equitable interest would not be liable for any part of the taxes which had previously accrued (Civil Code of 1910, § 4000, par. 1; *Livingston* v. *Langley,* 79 *Ga.* 169, 3 S. E. 909) ; but the interest represented by the legal title would not for that reason be relieved of the tax lien, and may be sold to satisfy the entire amount of the tax claim." Citing *Beaton* v. *Ware County,* 171 *Ga.* 798 (156 S. E. 672).

On the question involved there seems to be only one difference between that case and the one now under review, that being that

in the one instance the lien was for taxes and in the other the lien is that of a common-law judgment. In neither case is the lien in competition with the widow's year's support. In neither case did the widow assert her right of redemption or transfer it by sale. In neither case was there an excess of funds to which claim might be made by the widow. In *Minchew* v. *Juniata College,* supra, we dealt with the respective rights of various security-deed holders, claims for taxes, and a year's support where the equity of redemption had been set apart to the widow. Equitable principles were there applied in determining the respective priorities in funds arising from the sale of the property, under which the widow was awarded the full value of the equity of redemption undiminished by any claim for taxes, but the holders of the security deeds were subjected to a pro rata share of the tax claims. The opinion in that case fully reviewed the cases in point, and we believe requires, as does the case of *Real Estate Loan Co.* v. *Union City,* supra, the conclusion that where such a controversy is between the lienholder on the one hand and the holder of the security deed, or the purchaser under him, on the other hand, the lien of the judgment retains its prior rank. We do not believe the statute which makes such a lien inferior to a year's support was intended to displace its rank for any other purpose, or in favor of any other claimant save the widow or minor children, or some one claiming under them. The purchaser at the sale in the instant case obtained his title not from the widow but from the deceased husband through the holder of his security deed. This was pursuant to the failure of the widow to exercise her right of redemption, which, while divested by the sale, was not in any real sense the subject-matter of the sale. The award of the year's support did not nullify the lien of the judgment except in favor of the widow, since the sale under the power did not divest it as would be true in the case of a judicial sale, or in the case of a junior judgment (compare *Mutual Loan & Banking Co.* v. *Haas,* 100 *Ga.* 111, 27 S. E. 980, 62 Am. St. R. 317; see Code § 39-1303), where the purchaser took subject to it. Under these views it was erroneous to dismiss the action brought in behalf of the owner of the judgment.

■ What has been said likewise requires a reversal of the ruling sustaining another ground of demurrer, which complained of the failure to make the widow, Mrs. F. B. McKown, a party to the

case. It is shown above that the sale of the land involved divested her interest, and that the present controversy is left to proceed between the plaintiff and the defendant, to adjudicate the priority of their respective claims.

■ There is no merit in a third ground of demurrer which presents the contention that the petition "shows no right in plaintiff to pay off certain security deeds, but that said right is in said Mrs. F. B. McKown," or in the fourth ground which urges that "it is not shown what claim against said land plaintiff desires to have declared inferior to his judgment."

*Judgment reversed. All the Justices concur.*