FARMERS FERTILIZER COMPANY *v.* J. R. WATKINS
COMPANY.

No. 15100.   MARCH 6, 1945.

■

*S. P. Cain,* for plaintiff in error.

*R. A. Bell* and *McDonald & McDonald,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) Under the Code, § 113-1508, prescribing the order in which claims against the estate of a decedent shall rank, a year's support for the family ranks first, and thus holds priority over all other claims, while judgments obtained against the decedent during his lifetime rank sixth in priority. In every case where these two claims are in competition, the plain provisions of this statute clearly establish priority of the year's support over the judgment. It is only where, as in the present case, additional claims in varying priorities under the statute are in competition with the year's support and judgment, that extreme difficulty is encountered in judicially fixing the respective priorities. Numerous decisions of this court where some such claims were in competition and the priorities thereof determined do not constitute clear and explicit answers to the questions raised by the record here. This court has held that, where the year's support was made subject to a deed to secure debt, and a sale under the deed produced an amount insufficient to satisfy the secured debt, leaving nothing for the year's support, the year's support was thereby eliminated from a contest between the other lien holders, since there was never any equity in the property upon which the year's support could operate, and in that case the other liens were allowed their respective priorities as fixed by the law. *Beaton* v. *Ware County,* 171 *Ga.* 798 (156 S. E. 672). This rule was applied on the former appearance of the present case in this court where the sufficiency of the petition to withstand a general demurrer was brought in question. *J. R. Watkins Co.* v. *Farmers Fertilizer Co.,* supra. It was there held that, since it ap-

peared that the proceeds from the sale under the bank's deed were insufficient to satisfy the secured debt, and hence no excess was left for the year's support, the present petition, seeking to subject the land in question while in the hands of the purchaser at the foreclosure sale to the judgment lien, was not subject to general demurrer. But upon the trial, as shown by the present record, the agreed statement of facts showed that there was in fact an excess of $277.73 after satisfying the secured debt and the costs of sale, which excess was paid to the beneficiary of the year's support. In *Real Estate Loan Co.* v. *Union City,* 177 *Ga.* 55 (169 S. E. 301), it was held that the tax claim there was entitled to payment in preference to the year's support because it appeared that, by the terms of the purchase of the property involved, the taxes were expressly made a part of the purchase-money. In *Minchew* v. *Juniata College,* 188 *Ga.* 517 (4 S. E. 2d, 212), the contest did not involve the title of the purchaser of the property at the sale, but rather the respective claims to the funds arising from the sale of the property; and, while this court held that the year's-support share of such funds could not be diminished by the tax claim, it was held that, as between the secured debt and the taxes apportionable to the property embraced in the deed, the taxes must be satisfied at the expense of the holder of the security deed, and could in no wise be chargeable to the year's support. It is apparent that none of the decisions just referred to is exactly applicable here, for here the beneficiary of the year's support is not even a party to the suit, nor is the Cairo Banking Company, the holder of the second security deed under which the property was sold, a party to the suit. It is simply an attempt to assert the judgment lien against the property in the hands of the purchaser at the foreclosure sale, which was admittedly legal in every respect. In such a contest is it legally possible to eliminate from consideration the law applicable to the year's support? If the petitioner succeeds in this action, it must do so at the expense of the owner of the equity which is the purchaser at the sale but which was the beneficiary of the year's support prior to the sale. The Cairo Banking Company has already been paid in full, and we do not have here a contest between its claim and the judgment. If the judgment is satisfied by a sale of the property, the bank will not thereby sustain a loss. In *Wood* v. *Dozier,* 142 *Ga.* 538 (83 S. E. 133),

the competing claims to the property were a debt secured by a deed to secure debt, another debt secured by a mortgage, and a third debt secured by a second security deed and a transfer of a bond for title executed by the grantee in the first security deed, and finally a year's support. There the title to the property held by the purchaser at the sale was not brought in question, but the contest was over the respective ranks of the claims made to the proceeds from a sale of the property free from liens; and it was held that the first security-deed claim should be satisfied in full first, the debt secured by the second security deed and transfer of bond for title should be satisfied second, and the remainder should be applied to the year's support, thus excluding entirely from participation the mortgage claim which held the position in that contest that the judgment here holds. That decision would be clearly controlling here but for the existence of the transferred bond for title. Referring to that decision, this court in *Citizens Bank* v. *Taylor*, 155 *Ga.* 416 (6) (117 S. E. 247), expressed the view that the bond-for-title transfer was a material factor in fixing the rights of the claims to the fund there involved. It was reasoned that, under the terms of the bond for title, the grantee in the first security deed would, upon satisfaction of its debt, be required to convey the property to the transferee of the bond for title, and, therefore, there could be no revesting of title in the original grantor and mortgagor, and, consequently, the mortgagor would have no title inuring to the benefit of the mortgagee. It is provided by statute (Code, § 67-1306) that, upon the payment of the debt secured by a deed to secure debt, title automatically revests in the grantor. Both the security deed and the transfer of bond for title conveyed the debtor's full equitable estate in the property for the purpose of securing the debt. Therefore, whether the decision in *Wood* v. *Dozier*, supra, was controlled or influenced by the transfer of the bond for title or not, it is sustainable upon the second security deed irrespective of the bond for title. The cited statute establishing the priorities of claims manifests clearly a fixed legislative intent that, wherever brought into competition with each other, a year's support must have priority over a previous judgment against the deceased. This unchangeable fact must be kept in mind whenever and wherever these two claims come into competition, regardless of how many other claims might be in-

volved in the same contest. Giving effect to the statute means that the judgment claim may not be asserted in whole or in part so long as the interest of the year's support is involved. This means that no part of the property embraced in the year's support can be lawfully applied to the satisfaction of the judgment. Is there a reason in law why such a judgment, though clearly barred before a sale of the property, may nevertheless be asserted against the property after a sale lawfully held while in the hands of the purchaser, who has paid the full amount of his bid? Keeping in mind the unyielding rule of law that the judgment must stand aside and allow the year's support to receive all the property, undiminished by the judgment claim, it must be held that the judgment is thus barred from challenging the right of Farmers Fertilizer Company, the purchaser at a lawful sale. It would constitute a legal contradiction to shut off the judgment claim prior to the sale and allow it to be fully asserted, as here sought to be done, after the sale. The law bars it in the first instance in order that the year's support may receive all the land less the amount of the debts represented by the security deeds. This means that in no circumstances can the amount chargeable against the property before the year's support can receive it be increased by the assertion of the judgment. But if the judgment creditor is authorized by law to subject the property in the hands of the purchaser to the satisfaction of its judgment, it thereby nullifies and defeats the plain purpose of the statute. If, after such a sale, the law will tolerate an assertion of a judgment against the property in the hands of the purchaser, it is obvious that such a purchaser in making his bid will reduce such bid in an amount sufficient to satisfy the judgment. Any such reduction in the bid would constitute a definite reduction in the amount received by the beneficiaries of the year's support. Such a rule would reverse the order of priority as fixed by the law. It would permit a judgment inferior in rank to be satisfied in preference to a year's support superior in rank under the statute. What property did the purchaser acquire at the foreclosure sale? Clearly it acquired the equity in the land represented by the second security deed and the year's support. It thus occupies the position of a grantee of the beneficiary of the year's support, and is entitled to the same priority under the law as was held by its grantor. We do not have here a

case involving simply a competition of respective claims over funds derived from a sale of the property. In such a case, title to the property acquired by the purchaser would not be involved, but here the only party called upon to stand the expense of satisfying the petitioner's judgment is the owner of the property acquired by purchase at the sale.

Any decision attempting to fix the respective priorities of the claims against the estate of the deceased that fails to give full effect to the priority of a year's support as fixed by the statute will be unsound. It is true that, as between the year's support and the security deed, the latter must take the property. In a contest between the security deed and the judgment, the latter would take the property; and, in a contest between the judgment and the year's support, the latter would take the property; thus creating an endless circle which can be broken only by a constant recognition of the statutory provision that the existence of a year's support in legal effect blots out the judgment claim in so far as the particular property involved is concerned, and this rule is applicable in every case where to satisfy the judgment the year's support will be correspondingly diminished. The agreed facts upon which this case was tried demand as a matter of law a judgment holding the property in question not subject to the claim of the petitioner under its judgment against the deceased. The trial court erred in awarding judgment in favor of the petitioner.

*Judgment reversed. All the Justices concur.*