### 22879. NIX, Executrix v. CAUTHEN.

CANDLER, Justice. This record makes the following case: On December 15, 1961, H. W. Cauthen, Sr. sold and conveyed to B. R. Nix certain realty in DeKalb County for $49,500. Payment of the purchase money was arranged as follows: Nix assumed payment of a first mortgage on the property for $30,000, paid in cash a stated amount of money and executed and delivered to the seller his promissory note for $13,200 due one year from date with interest at 6 percent. Nix died testate on April 30, 1962, and Mrs. Jettie Ward Nix, his widow, qualified as executrix of his estate. On October 9, 1962, Mrs. Nix applied for a year's support out of the estate of her deceased husband. The appraisers set apart to her as a year's support the land which her deceased husband had purchased from Cauthen but subject to the balance due on the $30,000 mortgage he assumed and subject also to the note for $13,200 which he had given Cauthen. On December 7, 1962, Mrs. Nix sold to William A. Guthrie for $16,500 the interest in the subject property which had been set apart to her as a year's support. At the time of her sale, she repre-

sented to her purchaser by affidavit that the property was free from debt except as to the balance due on the $30,000 mortgage her husband assumed when he purchased from Cauthen. She personally consumed all of the consideration received from Guthrie except $12,000—$6,000 of which she deposited in DeKalb County Federal Savings & Loan Association and a like amount which she deposited in Decatur Federal Savings & Loan Association. Cauthen brought a suit against her individually and as executrix of the estate of B. R. Nix for the principal and interest due on his note. He also prayed for a special lien against the funds she had on deposit with the two savings and loan associations and for an injunction to restrain her from withdrawing such funds from those associations. The parties stipulated that all the facts stated above were true, and agreed for Judge Frank Guess to hear and determine the case without the intervention of a jury. After a hearing Judge Guess found and on his finding rendered a judgment against Mrs. Nix both individually and as executrix of B. R. Nix's estate for the principal and interest due on Cauthen's note. He also set up and established a special lien against the funds Mrs. Nix had on deposit with the aforementioned savings and loan associations and restrained her from withdrawing her deposits therefrom. Mrs. Nix excepted to such finding and judgment insofar as it related to her individually. She did not question the validity of the judgment against her as executrix of the estate of B. R. Nix. *Held:*

1. The judgment complained of recites that the defendants through their attorneys of record admitted in open court that the plaintiff was entitled to a general judgment on B. R. Nix's note and it is also recited in the bill of exceptions that the attorneys for the defendant Mrs. Jettie Ward Nix by oral stipulation in open court withdrew her demurrers and amended her answer by stipulating that the allegations of fact contained in the petition were correct; that the plaintiff was entitled to a general judgment on the note for the amount sued for; and that the only question remaining for decision by this court was whether or not the plaintiff was entitled to a lien on the money she received from a sale of the real estate and which she had on deposit with the savings and loan associations. However, by argument later appearing in her bill of exceptions, the defendant undertakes to explain away her

prior positive recital of fact. In these circumstances, it must be held that her exception to that part of the judgment which granted a judgment against her individually on the note is without merit.

2. Since the note sued on does not create any lien on the land involved in this litigation and since *Code* § 67-1703 abolishes equitable liens for the purchase money of land, the court erred in rendering that portion of its judgment which set up and established a lien in favor of the plaintiff against the funds which Mrs. Nix had on deposit with the two savings and loan associations and in granting an injunction prohibiting her from withdrawing such funds therefrom; and this is true because the petition, as it relates to her prayer for injunctive relief, alleges only that she will be at "liberty to squander" such funds if the injunction prayed for is not granted.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MARCH 9, 1965—DECIDED APRIL 20, 1965.

*Thibadeau, Penland & Smith, Ernest Woodie Smith,* for plaintiff in error.

*Fred W. Kerr, Jr., Martin McFarland,* contra.

