41808, 41821. ALBRECHT et al. v. NIX et al.; and vice versa.

JORDAN, Judge. The controlling issue presented by this appeal and cross appeal is whether certain funds brought into court in a garnishment proceeding were the individual funds of Mrs. Jettie Ward Nix or belonged to the estate of her husband of which she was executrix. If they were estate funds, then they should have been distributed pro rata among certain creditors of the estate; if they belonged to Mrs. Nix individually, then the trial court properly awarded them to H. W. Cauthen, Sr., the appellee and cross appellee, in satisfaction of a judgment which he had obtained against Mrs. Nix in her individual capacity and as executrix of the decedent's estate. See in this connection, *Nix v. Cauthen,* 220 Ga. 850 (142 SE2d 230). *Held:*

The record in this case discloses that the subject funds were derived from the sale by Mrs. Nix in her individual capacity of the equity of redemption in certain property which had been set apart to her as year's support. Clearly, therefore, these

funds belonged to Mrs. Nix individually and not to the estate of her husband since his estate no longer had any interest in the property after the year's support was set apart to the widow and became operative. *Winn v. Lunsford,* 130 Ga. 436 (3) (61 SE 9); *J. R. Watkins Co. v. Farmers Fert. Co.,* 195 Ga. 455, 457 (24 SE2d 660); *Calhoun Nat. Bank v. Slagle,* 53 Ga. App. 553 (186 SE 445). For the reasons stated by this court in the *Slagle* case, supra, it is immaterial here that the sale of Mrs. Nix's interest brought more than the value placed upon the equity of redemption in the return of the appraisers in the year's support award since the return of the appraisers clearly discloses that Mrs. Nix's allowance of year's support was in the property of the estate and not merely in money to be charged against the property of the estate.

The judgment of the trial court was not erroneous for any reasons enumerated.

*Judgment affirmed on main and cross appeal. Bell, P. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 9, 1966— DECIDED MARCH 3, 1966— REHEARING DENIED MARCH 29, 1966—

*Ben F. Sweet, G. Seals Aiken,* for appellants.

*Martin McFarland, Ernest Woodie Smith, Tom C. Penland, John Hunter,* for appellees.