FORESTER, administrator, *vs.* WATFORD.

Though there may be a provision in the will of a decedent for his widow, which would put her to election between it and dower, yet unless she does some act which shows her acceptance of that provision in lieu of dower, her right to dower is not defeated thereby without more.

Dower.    Wills.    Before Judge STEWART.    Newton Superior Court.    March Term, 1881.

On the sixth day of September, 1878, Hardy Watford, of Newton county, Georgia, made and published his last will and testament as follows:

"NEWTON COUNTY, GEORGIA, September 6th, 1878.

Articles of agreement between H. Watford of the first part, and Elizabeth R. Harris of the second part.    As I am old and infirm, and do not have any hope of ever being otherwise, I do this day give to my daughter, Elizabeth R. Harris, full control of my whole plantation and all of my stock and business as long as I live.    At my death my daughter, Elizabeth R. Harris, is to have one-half of my lot of land, No. 336, and all of my stock for her trouble of taking care of me and her mother.    Elizabeth R. Harris, is to have the south half of the land, as I want her to have the houses.    The line is to run straight from the centre of the east line, to a large white oak in the lane on the west line of this lot of land.    This oak is a line tree.    Elizabeth R. Harris is to pay all my debts and burial expenses out of the north half of the same lot of land, and what is left, after all my debts are paid, is to belong to my son, George A. Watford, who lives in Texas.

Elizabeth R. Harris binds herself to take care of me and her mother as long as we live.    I do now assert that I have no more control of my business."

Soon after making this will, Hardy Watford died at his home in Newton county, and his said will was duly proved and admitted to record; and Elizabeth R. Harris took letters to administer the estate.    Her mother lived with her a few months until she died in 1879, and was taken care of by her.    Samuel W. Forester took out letters *de bonis non* with the will annexed of the estate of

Hardy Watford, deceased, and provided for the mother of Mrs. Harris, furnishing her with supplies. She stated that if she obtained dower she wanted it to remain in his hands. She (the widow) filed her application for dower in the lands of said deceased. To this application Forester, administrator, filed his objections, as follows:

(1.) Because by his said will testator made full and ample provision for the support of the plaintiff, intending the same to be in lieu of dower, and which she accepted.

(2.) Because the applicant has, since the death of testator, waived her dower by an acceptance of the said provisions made for her support by the testator.

On trial the jury found for the applicant, and a new trial having been refused, the administrator excepted.

JOHN J. FLOYD ; JOHN I. HALL, for plaintiff in error.

CLARK & PACE, for defendant.

JACKSON, Chief Justice.

The will provides that the daughter of testator, Elizabeth R. Harris, shall have certain premises of the testator, and she "binds herself to take care of me," (testator) " and her mother as long as we live." Possibly under the ruling in 33 *Ga.*, 385, this provision might be construed as a charge on this land bequeathed to the daughter, and therefore it may operate in law to put the widow on her election between taking it and dower, but nothing is shown in the record sufficient to sustain a verdict that she did elect that in lieu of her legal title to dower. The will must not only make a case of election, but the widow must do some act showing her acceptance of the provision by will before her legal estate for life in dower is defeated. All that she did, so far as this record shows, is the reception of a trifle of money from the administrator with the will annexed, after the death of her daughter, and to continue to live with her daughter for a few months after the

death of her husband until the daughter died in less than a year after the testator. She filed the petition for dower within about two years of the death of her husband, and then, and not till then, made her election; and that elec-was to take her dower.

It would be an outrage to deprive her of it because she lived with her daughter, who controlled the property before her husband's death, and with whom she and her husband lived prior to his death, and after that daughter's death received a little money from the executor of the will.

In view of the will itself, and the peculiar circumstances in which the widow was left, the verdict of the jury is right and should stand, no matter what inaccuracies may be in the charge, if, indeed, there be any.

The truth is that it was confidence in the daughter, rather than a charge on the land, that induced the testator to confide his wife to her support after his death as well as to trust his own and hers, both, to her before his death.

The fact that she wanted Forester still to manage her dower, if she got it, is no proof of election or acceptance of the provision in lieu of it.

There is no material error in the charge, the facts demand the verdict, and the judgment is affirmed.

Judgment affirmed.