GLEASON, administratrix, *v.* TRAYNHAM & RAY.

COBB, J.    1. Where a case was submitted to the presiding judge without the
intervention of a jury, and a judgment in favor of the plaintiff was rendered, an assignment of error in the bill of exceptions upon this judgment, in the following language, was sufficiently specific: "To which
judgment the defendant excepts, assigns the same as error, and says the
court erred in finding any sum for the plaintiffs, and that under the law
and facts his judgment should have been in favor of the defendant."
2. If a cause is submitted to the presiding judge to decide both as to the law
and the facts, a writ of error will lie to his decision, though no right to
except was expressly reserved.   *Morrison* v. *Ponder*, 45 *Ga.* 167.
3. The claim of the widow and children for a year's support, with the exception made in the Civil Code, §3472, will as to realty take precedence
of any lien with which the deceased husband and father incumbered his
title, or which arose by operation of law against the property owned by
him during the term of his ownership.   Civil Code, §§ 3424, 3465 ; *Cole*
v. *Elfe*, 23 *Ga.* 235; *Barron* v. *Burney*, 38 *Ga.* 264 ; *Rust* v. *Billingslea*, 44
*Ga.* 306; *Murphy* v. *Vaughan*, 55 *Ga.* 361.
4. It follows from the foregoing that the claim of the widow and children
for a year's support is superior to a materialman's lien upon the prop-

erty of the decedent, which attached to the property as the result of a contract made by him in his lifetime.

5. The ruling now made does not in any way conflict with the decision in *Boynton* v. *Westbrook*, 74 *Ga.* 68. It was simply ruled in that case that the lien of a contractor for material and work would take precedence of a claim of the widow on account of a debt due her for trust funds in the hands of her deceased husband. The question of the dignity of a widow's claim for a year's support was not involved in that case.

6. The judgment entered in the present case, not being in accord with the principles above announced, must be reversed.

*Judgment reversed. All the Justices concurring.*

Argued July 24, — Decided August 9, 1900.

Foreclosure of lien. Before Judge Gober. Cobb superior court. November term, 1899.

*Clay & Blair*, for plaintiff in error.
*Lumpkin & Colquitt*, contra.