*J. P. Dukes,* for plaintiff.    *George S. Cargile,* for defendants.

---

### BANK OF WRIGHTSVILLE *v.* POWELL.

GILBERT, J. 1. The year's support provided for under the Civil Code (1910), § 4041, must be set apart "from the estate" of the deceased husband or father. *Summerford* v. *Gilbert,* 37 *Ga.* 59.

2. A deed made to defraud creditors, though void as to them, is good between the grantor and the grantee, and the former after executing such deed has no title to the property thereby conveyed; and therefore the same can not be set apart as a year's support for his widow. *McDowell* v. *McMurria,* 107 *Ga.* 812 (2) (33 S. E. 709, 73 Am. St. R. 155), and cit.

3. Where land has been conveyed for the purpose of defrauding creditors, and a creditor has obtained judgment against the grantor, and a fi. fa. issuing on said judgment has been levied on the land, and a claim has been interposed by the grantee under the deed, and on the trial of such claim the property is found subject to the fi. fa., the judgment finding the property subject, properly construed, adjudicates the deed to be null and void as to the creditor, but not void as between parties to the deed. *McDowell* v. *McMurria,* supra.

4. It follows from the rulings above that the grantor, under the verdict and judgment in the claim case, did not recover anything. The judgment creditor recovered title to the land for the purpose of applying the same to the payment of his judgment. All interest in the land formerly possessed by the grantor remained in the grantee. The grantor having died subsequently to the execution of the aforesaid deed, the land conveyed was not part of the estate of the deceased and could not be set aside as a year's support.

5. Under the agreed statement of facts, the court erred in directing a verdict holding that a year's support had been legally set aside in the

---

Executors and Administrators, 24 C. J. p. 236, n. 67; p. 237, n. 75; p. 245, n. 83 New; p. 247, n. 1.

Fraudulent Conveyances, 27 C. J. p. 648, n. 29; p. 704, n. 17; p. 856, n. 44.

land, and that the land was not subject to the fi. fa. of the Bank of Wrightsville.          *Judgment reversed. All the Justices concur.*

No. 5511.    NOVEMBER 24, 1926.

Claim.    Before Judge Camp.    Johnson superior court.    April 15, 1926.

The Bank of Wrightsville caused a fi. fa. in its favor and against L. S. Powell, to be levied on described land. L. E. Powell filed a claim, which was tried by the judge without the intervention of the jury, on an agreed statement of facts, as follows: "That on May 13th, 1916, Bank of Wrightsville obtained a general judgment against L. S. Powell et al., and that the fi. fa. based upon said judgment was levied by W. D. Rowland, sheriff of said county, on December 7th, 1916, on one tract of land containing one hundred acres, more or less, in the 1203rd district G. M. Johnson County, Georgia, bounded on the north by Mollie Cochran, east by lands of A. S. Norris, south by lands of B. T. Rawlings, west by lands of Gertrude Pullen. L. E. Powell claimed said above land by virtue of a deed from L. S. Powell to him previous to the judgment, the consideration being the sum of $230.00 cash and love and affection, and the grantee obligating himself to support L. S. Powell and his wife during each of their natural lives, and L. E. Powell claimed said land above described, which claim was filed by him on December 13th, 1916; said claim case was tried March 16, 1925, and the following verdict was rendered, 'We, the jury, find the property subject,' and a judgment was entered the same day upon said verdict; that at the June term, 1925, of the Johnson court of ordinary, Latishia Powell, widow of L. S. Powell, defendant in execution, and the mother of L. E. Powell, had set apart to her as a year's support the above-described land, L. S. Powell having died February 15, 1925, which judgment setting the same aside one year's support was conceded to be regular as provided by law. And on the 4th day of June, 1925, the said Latishia Powell conveyed to her son, L. E. Powell, the above-described tract of land; the plaintiff in fi. fa. advertised said land to be sold on the first Tuesday in November, 1925, and on the 19th day of October, 1925, the said L. E. Powell filed another claim to said land, basing his title upon the deed from Latishia Powell to him as above described."

The judge directed a verdict, finding the property not subject to the levy.    The Bank of Wrightsville filed a motion for a new

trial on the general grounds. The motion was overruled, and the bank excepted.

*J. L. Kent,* for plaintiff. *E. L. Stephens,* for defendant.