20144. McDONALD *v.* CITY OF BAXLEY.

DECIDED JANUARY 14, 1930.

*G. T. McDonald,* pro se. *J. P. Highsmith,* contra.

LUKE, J. The City of Baxley instituted proceedings under the act of 1927 (Ga. L. 1927, p. 902) to validate certain paving ordinances and a proposed lien against the property adjacent to designated streets, alleys, and sidewalks that had been paved. The part of section 16 of that act, providing for notice of validation proceeding, is as follows: "Service of process in such suit may be had upon the owners of said lots or parcels of land abutting on said improvement or of said street or railway running along said street by publication, once a week for four weeks, in the paper in

which the sheriff's advertisments for Appling County are published, of a notice to that effect, directed to the owners in general of the property abutting on said improvement or of the railway running along the same, without naming such owners individually, provided said notice defines the limits of said improvements."

The plaintiff in error made a special appearance for the purpose of objecting to the granting of an order of validation. He admits that the required notice was published on September 18, September 25, October 2, and October 9, preceding the date of hearing on October 14, 1929, but contends that the notice was not published "once a week for four weeks" because twenty-eight days did not elapse between the first publication of the notice and the date of the hearing.

Section 6063 of the Civil Code (1910) is as follows: "In all cases where the law of force on October 21st, 1891, required citations, notices, or advertisements by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others, to be published in a newspaper for thirty days, or for four weeks, or once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than thirty days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, or order of sale." The rule laid down in this code-section has been applied to cases not coming within the language of the statute. For instance, in the case of *Carter* v. *Copeland*, 147 *Ga.* 417 (94 S. E. 225), it was held that where a power of sale in a mortgage authorized the mortgagee, upon the happening of a certain event, to sell the land described in the mortgage, after advertising the sale in a designated newspaper "once a week for four weeks," such power was complied with "where the advertisement of sale was published in the designated paper once a week for four weeks immediately preceding the day when the sale took place, although the number of days between the date of the first publication and the day when the sale took place was less than twenty-eight days." See also the case of *Proudfit* v. *Oliver*, 150 *Ga.*

707 (105 S. E. 241), where the same rule was applied to a power of sale in a security deed.

In view of the complete change made in the law by the act codified in section 6063, supra (Ga. L. 1890-1, p. 241), and of the construction and application of that law by the courts of this State, we hold that in the case at bar it was not necessary that twenty-eight days elapse between the date of the first publication of the notice and the date of the hearing.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*