RICHEY *v.* FIRST NATIONAL BANK OF COMMERCE.

No. 10756.   June 22, 1935.

*G. P. Martin,* for plaintiff.   *E. C. Stark,* for defendant.

Bell, Justice.   This case involves a contest between a security deed and a subsequent judgment of the court of ordinary, awarding a sum of money to the widow of the grantor as a year's support, which award was made "without objection from any one."   In 1926, J. O. Richey executed a note to the First National Bank of Commerce, and "Claud Montgomery signed said note as indorser." Richey at the same time executed to Montgomery a security deed reciting that it was made "to secure him for indorsing" such note. Richey died, and his widow was appointed administratrix.   Subsequently the bank recovered a judgment against her as administratrix, and against Claud Montgomery as indorser, for the amount of the note.   An execution was issued, and the property described in the security deed was levied on and sold as the property of Claud Montgomery, the bank being the purchaser.   Mrs. Richey, who was in possession, refused to vacate, and a writ of possession was issued against her.   At this point, Mrs. Richey brought the present suit against the bank and the sheriff, to enjoin them from interfering with her possession and proceeding with the dispossessory warrant.   She alleged that on the day of the sale and before the day of the sale she filed with the sheriff "her demand for the money due her as a year's support, to be paid out of the proceeds of said sale, together with interest on said sum, there being no other property of said estate out of which her year's support could be collected;" and that such demand was refused.   She prayed that the defendants be restrained from changing the status of the prop-

erty involved, until all rights can be adjudicated; that the sheriff's deed be canceled, or that her claim for a year's support be declared as a first lien on the proceeds of the sale; and that the sheriff be ordered to pay the same over to her. By an amendment she alleged that the instrument executed by her husband to Claud Montgomery was a mortgage, and not a security deed, for the following reasons: the grantor did not execute any note or other evidence of indebtedness to such grantee, and did not deliver possession of the land; the grantee did not execute any bond for title for reconveyance to the grantor; the recital "this deed is made to the said Claud Montgomery to secure him for indorsing" the note as described constituted a defeasance clause, and made the instrument a mortgage and not a security deed.

The defendant filed a demurrer and an answer, and the case was later tried before the judge without a jury. The evidence consisted only of the documents referred to in the plaintiff's petition. The judgment of the court was in favor of the defendants, and Mrs. Richey excepted.

In addition to the contentions expressly made in the petition, it is insisted by brief that the law does not authorize the execution of a security deed merely as security for an indorsement; and that since the liability assumed thereby is contingent only, the instrument must, as a matter of law, be considered as a mortgage, though in the form of a security deed. There is no merit in any of these contentions. Under the principles stated in the headnotes, which do not require elaboration, the court did not err in rendering judgment against the plaintiff and in favor of the bank and the sheriff.

*Judgment affirmed. All the Justices concur.*