## OLMSTEAD *et al.* *v.* CLARK, sheriff, *et al.*

BELL, Justice. 1. The claim of a widow to property set apart to her as a year's support is superior to a lien for previously accrued taxes. Code of 1933, § 113-1508 (4) ; *Livingston* v. *Langley*, 79 *Ga.* 169 (3 S. E. 909) ; *Fullbright* v. *Boardman*, 159 *Ga.* 162 (125 S. E. 44, 37 A. L. R. 532) ; *Real Estate Loan Co.* v. *Union City*, 177 *Ga.* 55 (3) (169 S. E. 301).

2. Whether, as against one indebted on a chose in action set apart as a year's support, and whether even for some other purposes the title to the property set apart may be considered as vested in the beneficiary from the time the return of the appraisers is filed with the court of ordinary (compare *Doyle* v. *Martin*, 61 *Ga.* 410; *Hendrix* v. *Causey*, 148 *Ga.* 164, 96 S. E. 180), in which no objections were filed, yet where the claim is suspended by the filing of objections, with the result that the possession and use of the year's support are deferred pending trial, the property, after final judgment disallowing the objections and admitting the return to record, is not liable for taxes accruing against the estate of the decedent in the meantime.

3. The statutes providing for a year's support and fixing its priority are to be construed liberally in favor of the dependents. *Herrington* v. *Tolbert*, 110 *Ga.* 528, 535 (35 S. E. 687) ; *Whatley* v. *Watters*, 136 *Ga.* 701 (71 S. E. 1103) ; *Grant* v. *Sosebee*, 169 *Ga.* 658 (151 S. E. 336) ; *Backer* v. *City Bank & Trust Co.*, 180 *Ga.* 672 (180 S. E. 604).

4. Accordingly, where a return of appraisers setting apart a year's support to a widow was made on May 10, 1932, but where, as the result of objections filed, the return was not admitted to record or made the judgment of the court of ordinary until November 5, 1934, and in the meantime the widow was deprived of the use and enjoyment of the property, being supported by a son, the property as finally set apart was not liable for taxes accruing against the estate during the years 1933 and 1934.

5. Under the foregoing rulings as applied to the facts of the record, the court erred in refusing to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*

No. 10988. NOVEMBER 16, 1935.

*George H. Harris,* for plaintiffs. *O. C. Darsey,* for defendants.