25931. MATTHEWS *v.* MANHATTAN LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 4, 1937.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.

GUERRY, J. In 1926 Frank Matthews entered with the Manhattan Life Insurance Company into a contract whereby he was

employed to act as its agent in the State of Georgia, to solicit applications for life insurance, deliver policies, and collect premiums. He was given the authority to appoint subagents on written agreement of the company. He was to have credit for all business procured by subagents, and to assume responsibility for their acts and collections. The contract provided: "The agent [Matthews] shall make no agreement with any person on behalf of the company, rendering or purporting to render the company liable for commissions or other remuneration, and shall hold the company harmless from and against any and all claims of every kind and nature of any subagent or person employed by him." The contract further provided that Matthews was to receive as compensation for his services a certain percentage on premiums collected covering a period of years named therein. Matthews died February 14, 1930, and in 1933 his widow, the plaintiff, had set apart to her as a year's support all of the commissions due and to become due to her husband under the terms of this contract. This suit was filed by her to recover of the defendant an amount alleged to have been earned under this contract, subject to an assignment thereof in favor of Jefferson Standard Life Insurance Company. The defendant answered, setting forth that the assignment in favor of Jefferson Standard Life Insurance Company was still in force, that nothing was due thereunder, and that under the terms of the contract stated above nothing was due. The evidence disclosed that before the death of Matthews a suit was filed by a subagent against Matthews and the Manhattan Life Insurance Company, to recover commissions alleged to have been earned by him, which suit resulted in a verdict against the defendants for $1429.27, and that the judgment thereon was paid by the Manhattan Life Insurance Company on July 11, 1931. In addition, certain expenses in defending said suit, including attorney's fees aggregating $416.07, were paid by that company out of commissions which otherwise would have been due to the estate of the deceased under the terms of the contract. The present action was filed after the company had made these applications of payment of the judgment. The judge directed a verdict in favor of the defendant, and the plaintiff excepted.

Were the commissions which were becoming due under the terms of the contract each year after the death of Matthews a part

of his estate, so as to be subject to be set apart as a year's support for his family? If so, the plaintiff may have been entitled to recover. If not, the verdict as directed was proper, except as hereinafter discussed. The provison allowed for the support of the family of a deceased person should be paid out of the general funds of the estate. *Rust* v. *Billingslea,* 44 *Ga.* 306. This is true without regard or reference to the solvency or insolvency of the estate. *Hopkins* v. *Long,* 9 *Ga.* 261; *Whatley* v. *Watters,* 136 *Ga.* 701 (71 S. E. 1103). A "year's support can only be carved out of or set aside or apart from the estate, or assets of the estate, of the decedent." *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672 (180 S. E. 604). Were the commissions in this case a part of the estate of the deceased? The contract provided that "the company shall deduct any indebtedness of the agent to the company now existing, or which at any time hereafter accrue, before any commission shall be payable to the agent under the terms of this agreement." "On the death of a partner, the title to the personal assets of the firm is cast upon the survivor, who is charged with the administration of the same, first for the payment of the partnership debts . . Unless there is a surplus, none of the assets constitute any part of the estate of the deceased." *Sellers* v. *Shore,* 89 *Ga.* 416 (15 S. E. 494). Under the terms of the contract between the insurance company and the deceased, its agent, the company agreed to pay him commissions on premiums, and as a part of the corresponding duty of the agent he was to hold the "company harmless from and against any and all claims of every kind and nature of any subagent or person employed by him . . and the company shall deduct any indebtedness of the agent to the company now existing, or which may hereafter accrue, before any commissions shall be payable to the agent under the terms of this contract." A chose in action is generally a part of the estate of a decedent, and as such is subject to be set apart as a year's support for the widow and minor children. On a claim in favor of an estate, whether in the hands of the administrator or whether set apart as a year's support, which claim is predicated upon a contract made by the deceased with a third party, and the contract provides that before any liability shall exist in favor of deceased certain conditions precedent shall be performed, no liability exists until such conditions precedent have been performed. The contract, being entire

and not divisible, may not be relied on as to those parts favorable to the owner of the year's support and disaffirmed as to the other parts. A claim of such a character is no part of the estate of the deceased. Under the evidence, title to the commissions never vested in the decedent or his estate. *Backer* v. *City Bank & Trust Co.*, supra. "Agreements are mutual and dependent where performance by one party is conditioned on and subject to performance by the other, and a party who seeks performance must show performance or a tender or readiness to perform on his part." 13 C. J. 567. It is clear from a reading of the contract that no obligation arose against the Manhattan Life Insurance Company in favor of Matthews, so long as Matthews made agreements with subagents employed by him, which subjected the company to liability to such subagents. A judgment based on such a claim by a subagent against Matthews and the Manhattan Life Insurance Company prevented the title to commissions earned by Matthews under the contract from passing to him or his estate until such judgment had been satisfied. Necessary and reasonable expenses incurred by the Manhattan Life Insurance Company, including attorney's fees in defending the action brought jointly against Matthews and itself, were obligations against which, under the terms of the contract, Matthews agreed to hold the defendant harmless. The special assignments are without merit, and the judge did not err in directing the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*