### PAULK *v.* CITY OF OCILLA.

JENKINS, Justice. 1. Assessments for city paving improvements are liens "against the lots and tracts of land so assessed from the date of the ordinance levying the same, coequal with the lien of other taxes, and prior to and superior to all other liens against such lots or tracts, and such lien shall continue until such assessment and interest thereon shall be fully paid, and shall be enforced in the same manner as are liens for city taxes." Code, § 69-416.

2. The liens of tax executions are prior in dignity to deeds to secure debts. *Belser* v. *Puckett*, 179 *Ga.* 249 (2) (175 S. E. 565); *Thompson* v. *Adams*, 157 *Ga.* 42 (2) (120 S. E. 529).

3. While it is true that, except as to conveyances of title to secure debt, a year's support is superior to liens created by a decedent, or liens arising by operation of law, during his ownership (*Tomlinson* v. *Adel*, 169 *Ga.* 758 (2), 760, 151 S. E. 482; *Gleason* v. *Traynham*, 111 *Ga.* 887 (3), 36 S. E. 969; *Burckhalter* v. *Planters Loan & Savings Bank*, 100 *Ga.* 428, 28 S. E. 236), and the widow thus takes the interest of the decedent stripped of all such inferior claims (Code, §§ 113-1002, 113-1508), the title of the widow to the property set apart as a year's support is not superior to liens which had already adhered against the

property before the decedent husband acquired it. *Murphy* v. *Vaughan*, 55 *Ga.* 361.

4. In accordance with the foregoing principles, where the decedent husband, under a foreclosure of his security deed, acquired title to the property subsequently set apart to his widow as a year's support, after the lien of a paving assessment had attached thereto, her title was subordinate to such lien of the city, and the court did not err in so holding. Whether or not the previous rulings by the Court of Appeals in *Paulk* v. *Ocilla*, 55 *Ga. App.* 479 (190 S. E. 409), in a different proceeding between the same parties, would be controlling in this case, that court in substance correctly held in conformity with the above rulings. *Judgment affirmed. All the Justices concur.*

No. 12710. APRIL 15, 1939.

*W. R. Mixon, Philip Newbern,* and *McDonald & McDonald,* for plaintiff in error.

*Wheeler & Kenyon,* contra.