27399. CITY OF WAYCROSS *v.* COTTINGHAM.

DECIDED JULY 12, 1939. REHEARING DENIED JULY 26, 1939.

*Frank B. McDonald Jr., Q. L. Garrell,* for plaintiff.
*Wilson, Bennett, Pedrick & Bennett,* for defendant.

STEPHENS, P. J. A tax execution for $459.05, with interest, in behalf of the City of Waycross, for taxes for the years 1930 to 1936, inclusive, of Mrs. E. Cottingham for certain described property located in the City of Waycross, was issued against her on April 1, 1937, and property of the defendant in execution was levied on. The defendant in execution, on June 1, 1937, filed an affidavit of illegality in the name of Mrs. Clara Jane Cottingham, the widow of E. Cottingham, in which she denied indebtedness as to any part of the amount for which the execution had issued. She alleged that the execution was proceeding illegally because the property on which the taxes had been assessed was not subject to the taxes, for the reason that on January 6, 1930, under an application for year's support filed October 25, 1929, it had been set apart as a year's support for herself and minor children out of the estate of her deceased husband, E. Cottingham, and that the year's support was

superior to and took precedence over taxes sought to be collected by the levy of the tax execution, and that the property was exempt from taxation. The court overruled a general demurrer, and a motion to dismiss in the nature of a general demurrer, filed by the City of Waycross to the affidavit of illegality, and, after the consideration of the case without the intervention of a jury, on the issues made by the execution and the affidavit of illegality, on an agreement that the facts stated in the affidavit were true, sustained the illegality and ordered that the fi. fa. should not further proceed. The City of Waycross, excepted to the judgment overruling the demurrer to the affidavit of illegality, and to the judgment sustaining the illegality.

The tax claimed is the ad valorem tax on real estate levied by the City of Waycross. Under the tax laws of this State all real estate is subject to taxation, including taxation by municipalities, where the municipalities are authorized to assess and levy taxes on all real estate, unless it is specifically exempted by law. Nowhere in the laws of this State is there any specific exemption from taxation, either by municipalities or otherwise, of real estate which has been set aside under the laws of this State as a year's support for a widow or minor children of a deceased. The only statutory exemption from taxation of property which has been set aside as a year's support, is contained in the Code, § 113-1508, wherein a year's support for the family of a deceased is given priority over all claims against the estate of the deceased, including priority over "unpaid taxes or other debts due the State or the United States." Property which has been set aside as a year's support is exempt from all taxation where the tax accrued against it before it was set aside and the tax has not been paid. *Olmstead* v. *Clark*, 181 *Ga.* 478 (182 S. E. 513). This exemption does not extend to property which has been set aside as a year's support as respects a tax accruing after the property has been so set aside. There being no statutory exemption from taxes which have accrued against property after it has been set aside as a year's support, property so set aside for a year's support to the widow and minor children, as provided by the Code, is not exempt from taxes accruing against the property after it has been so set aside.

It appears from the agreed facts, as contained in the affidavit of illegality, that all the taxes for which the execution issued, with

the possible exception of the taxes for 1930 (the execution having issued for the years 1930 to 1936, inclusive), accrued after the year's support had been set aside. It therefore appears as a matter of law that the property against which the execution issued, although it had been set aside as a year's support to the defendant and her minor children, was subject to the taxes accruing against the property after the year's support had been set aside.

If the lien for the 1930 taxes accrued before January 6, 1930, the date when the year's support was set aside, the year's support would supersede such lien for taxes, and the execution, in so far as it proceeds against the property for the collection of such taxes, is proceeding illegally. Whether or not this court can take judicial cognizance of the date of the accrual of the lien of the City of Waycross for the 1930 tax, so far as a decision of the question here presented is concerned, it is immaterial whether the 1930 tax accrued before or after the setting aside of the year's support. It is immaterial that the defendant may not owe the entire amount of the execution by not owing the 1930 tax.

It appearing from the undisputed facts that the property of the defendant is not exempt from liability for the entire amount of the tax for which the execution issued, a judgment in favor of the defendant finding that she is not indebted to the City of Waycross in any amount of the taxes for which the execution issued, and sustaining the affidavit of illegality, was, under the undisputed evidence and the law applicable thereto, without evidence to support it. The judgment finding for the defendant must be set aside and a new trial granted. On another trial the amount of the indebtedness of the defendant will be dependent on the ascertainment of the date of the accrual of the lien for the 1930 taxes. The court erred in overruling the demurrer to the affidavit of illegality, and, under the undisputed evidence, erred in sustaining the illegality. *Judgment reversed. Sutton and Felton, JJ., concur.*