27579. LANIER, executor, *v.* LANIER.

DECIDED NOVEMBER 25, 1939.

*J. P. Dukes,* for plaintiff in error. *P. M. Anderson,* contra.

STEPHENS, P. J. Mrs. Maggie Lanier made application for a year's support for herself and daughter out of ·the estate of her deceased husband, nearly two years subsequently to his death. W. C. Lanier, as executor of the decedent, filed his caveat upon the grounds (1) that the widow had lived upon the premises and had drawn subsistence therefrom for a period of more than one year, (2) that he and the widow had agreed that should he, as executor, pay off a lien upon property given to the widow by the deceased for a loan of her money to him that she would relinquish her rights to a year's support, and (3) that the daughter was over

twenty-two years of age at the time of the application for a year's support. A sum of money as a year's support was set aside to the widow, excluding the daughter. An appeal by consent was made to the superior court, and a verdict was rendered in favor of a certain sum for a year's support for the widow and the daughter.

The jury were authorized to find from the evidence that at the time of her father's death the daughter lacked about five months of reaching her majority; that it would take from $50 to $60 a month to support the mother in the manner in which the decedent had supported her; that she was sixty years old and in ill health, requiring constant treatment by a physician; that it would take at least $15 a month to support the daughter; that the widow took care of the daughter during her minority; that the deceased, at the time of his death, owned certain realty worth from $3000 to $5000, on which were located the home and another dwelling house; that there were debts owing by the deceased not exceeding the value of his estate; that he was insured by a small policy in favor of his wife, which she collected after his death, less a sum which had been borrowed by him thereon; that the widow used the personal property on the place, but that it belonged to her, and that she had collected, before the application for a year's support, a small sum, $43, as rent on the houses on the real estate of the decedent, and had used same for her own purposes. A motion for new trial was made by caveator and to the judgment overruling his motion he excepted.

■ It does not appear as a matter of law that the widow and minor child had drawn, during the year succeeding the death of the husband and father, from his estate by living thereon, by using the personalty, and by collecting the rents from two houses, an amount sufficient to be in lieu of the year's support afforded them by law, and to which the jury were authorized to find they were entitled under the evidence. There was evidence that this personalty belonged to the widow, that the amount of the rents was $43, and that $60 a month was needed for the widow's support and $15 monthly for the support of the daughter. The amount of the year's support was $477. The evidence did not demand a finding by the jury that the widow had made an agreement to accept a certain sum from the executor due to her by her husband, and for which she held a lien against his estate, in lieu of the

year's support. Furthermore, she did not have the right to make such an agreement binding upon the daughter, who was a minor at the death of her father. The daughter, being a minor at the time of the death of her father, was entitled to a year's support from his estate until she reached her majority. Code, § 113-1002; *DeJarnette* v. *DeJarnette,* 176 *Ga.* 204 (167 S. E. 526).

The widow and minor daughter were not barred from their right to a year's support because the application therefor was made nearly two years after the death of the husband and father. Upon the latter's death the right to a year's support vested. See *Brown* v. *Joiner,* 77 *Ga.* 232 (3 S. E. 157); *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831); *Anders* v. *First National Bank,* 165 *Ga.* 682 (142 S. E. 98), and cit. Delay beyond twelve months in applying for a year's support will not as a matter of law bar the right to apply therefor. *Federal Land Bank* v. *Henson,* 166 *Ga.* 857 (144 S. E. 728). The court did not err in charging the jury as follows: "It appears from the evidence in this case that the minor for whom the application asked for a year's support reached her majority before the expiration of one year after the death of her father. I charge you that she would be entitled, under the law as heretofore given you in charge, to a support during the period of her minority, for so much of the year as she was a minor."

The verdict was authorized by the evidence and no error appears. The court did not err in overruling caveator's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*