CITY OF BAXLEY *v.* DREW *et al.*

No. 13230. June 13, 1940.

J. B. Moore and *Highsmith & Highsmith*, for plaintiff in error.
*Wade H. Watson* and *M. E. Wood*, contra.

ATKINSON, Presiding Justice. 1. An intervenor takes the case as he finds it. *Charleston & Western Carolina Railway Co.* v. *Pope*, 122 *Ga.* 577 (50 S. E. 374); *Seaboard Air-Line Ry.* v. *Knickerbocker Trust Co.*, 125 *Ga.* 463 (54 S. E. 138); *Atlanta & Carolina Ry. Co.* v. *Carolina Portland Cement Co.*, 140 *Ga.* 650 (2) (79 S. E. 555); *Elliot* v. *Macauley*, 177 *Ga.* 96 (169 S. E. 358). Where another party filed a petition to require all lienholders to set up their claims to a fund in the hands of the sheriff, and seeking distribution of the fund in accordance with the priorities of the claimants, so that the property which he bought at the sale might be clear of all liens, and where one of the intervenors excepted to the judgment of the superior court fixing the priorities, which judg-

ment was affirmed by the Supreme Court (*Minchew* v. *Juniata College*, 188 *Ga.* 517, 4 S. E. 2d, 212), such intervenor could not, after the case was returned to the trial court, raise questions by general demurrer and motion to dismiss, which involved the validity of the proceedings on the original petition. Accordingly the judge did not err in overruling the general demurrer and the motion to dismiss, interposed by the intervenor to the original petition.

2. In the instant case the widow of the defendant in fi. fa. intervened, setting up her year's support. The City of Baxley also intervened, claiming that the executions for city taxes and paving assessments should come ahead of the year's support. On separate bills of exceptions a judgment distributing the fund was affirmed as to the City of Baxley and reversed in favor of the widow's receiving a year's support. On return of the case to the trial court, the city offered an amendment to its original intervention, in which it was contended that the taxes and paving assessments should prevail over the year's support, and alleged that the widow was estopped to assert her year's support, among other reasons, because the plaintiff purchased the property for the widow, who, in obtaining a loan (part of which was used in paying the purchase-price), agreed that the taxes and paving assessments would be paid from the proceeds of the sale; and praying, in the event the widow was not held to be estopped, that it be decreed that the property was subject to the tax and paving executions, and that the city be adjudged to have the right to proceed against the property for collection of the executions. No fraud was alleged in the amendment, which was in effect an elaboration of the original intervention filed by the city; and no facts were alleged which the city did not know at the time its original intervention was filed. The ruling in *Minchew* v. *Juniata College*, supra, that the year's support was superior to the taxes, and that the part of the property represented by the legal title was not liable for its proportionate part of the taxes, became the law of the case. The court did not err in disallowing the amendment to the city's intervention, and in rendering an order distributing the fund in accordance with the judgment of the Supreme Court. *Western & Atlantic Railroad Co.* v. *Third National Bank*, 125 *Ga.* 489 (54 S. E. 621); *Southern Bell Telephone &c. Co.* v. *Glawson*, 140 *Ga.* 507 (79 S. E. 136); *Georgia Railway & Power Co.* v. *De-*

*catur,* 153 *Ga.* 329 (2) (111 S. E. 911) ; *Towers* v. *City Land Co.,* 159 *Ga.* 486 (125 S. E. 837) ; *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369).

3. The foregoing disposes of the controlling questions in the case, adversely to the plaintiff in error.

*Judgment affirmed. All the Justices concur.*