## JOHNSON *v.* CITY OF BLACKSHEAR *et al.*

No. 14614.   OCTOBER 7, 1943.

656

*S. F. Memory,* for plaintiff. *Lee S. Purdom,* for defendants.

BELL, Chief Justice. The plaintiff sought injunction to restrain enforcement of executions for paving assessments, and prayed that the assessments and the executions be canceled. She asserted title to the property involved, as sole heir at law of her mother, to whom the property had been set apart as a year's support, and who died intestate. She sued as an individual and as administratrix, presenting mainly two contentions: (1) that the year's support was superior to the paving assessments; (2) that, regardless of priority, the executions were barred by the statute of limitations. The trial resulted in a finding and decree in favor of the plaintiff on the latter issue, and granting an injunction upon that ground, but sustaining the defendants' contention as to invalidity of the year's support, and denying the relief of cancellation. The plaintiff, having thus failed to obtain all of the substantial relief sought in her petition, and having actually suffered an adverse adjudication as to validity of the year's support, filed a motion for a new trial, which after amendment was overruled, and she excepted. She also complained of an order overruling her demurrer attacking an amendment to the defendants' answer.

Since the finding and decree as to dormancy of the executions were favorable to the plaintiff, and there were no cross-exceptions by the defendants, the facts touching that issue were not developed in the statement and no further reference to it will be made in this opinion.

It has been held by this court that where property of a de-

cedent is duly set apart to his widow as a year's support, in accordance with the Code, §§ 113-1002 et seq., the right of the widow under such claim will take precedence over the lien of a paving assessment previously made against the same property as that of her husband. *Tomlinson* v. *Adel,* 169 *Ga.* 758 (151 S. E. 482); *City of Waycross* v. *Crawley,* 186 *Ga.* 894 (199 S. E. 228); *City of Baxley* v. *Drew,* 190 *Ga.* 486, 490 (9 S. E. 2d, 751). But since the assessments here were not made until several years after the husband's death, the question arises as to whether the same rule as to priority may be applied in such case; for it has also been ruled in effect that a year's support is superior only to liens created by a decedent, or arising by operation of law, during his ownership. *Murphy* v. *Vaughan,* 55 *Ga.* 361; *Gleason* v. *Traynham,* 111 *Ga.* 887 (3) (36 S. E. 969); *Paulk* v. *Ocilla,* 188 *Ga.* 69 (3) (2 S. E. 2d, 642). It has long been recognized, however, that the statutes regarding year's support are to be construed liberally in favor of the dependents; and so the phrase "during his ownership," as used in the decisions, evidently does not refer to ownership solely within the lifetime of the husband or father, but includes ownership or control by his legal representatives, for the purpose of administration, after his death. *Olmstead* v. *Clark,* 181 *Ga.* 478 (182 S. E. 513); *City of Waycross* v. *Cottingham,* 60 *Ga. App.* 463 (4 S. E. 2d, 67). While a lien arising by operation of law after his death could hardly be a "debt" within the purview of section 113-1002, it may be a "claim against the estate" within the meaning of section 113-1508. In the instant case the petition alleged that the executions for the paving assessments were issued in 1931 against the city lots in question, and against P. L. Pomeroy, A. J. Strickland, and J. B. Truett, "executors of the John A. Strickland estate," as owners of said property; and this averment was admitted by the defendants in their answer. Accordingly, the record establishes, at least prima facie, that although the husband had died several years before the assessments were made, his estate was still in process of administration, and the lots were still held by his executors for the purpose of administration, at the time the liens arose. It appears also that the application for year's support was not filed until after the assessments had thus been made against the property as a part of the estate of the decedent; and in these circumstances, the assessments and executions would constitute

"claims against the estate," within the Code, § 113-1508. The year's support was therefore entitled to priority, in so far as accrual of the liens after the husband's death is concerned. Compare *Herrington* v. *Tolbert*, 110 *Ga.* 528, 536 (35 S. E. 687); *Fullbright* v. *Boardman*, 159 *Ga.* 162 (125 S. E. 44).

While the question discussed in this division was not specifically argued in the briefs, or at least was not stressed, we have deemed it necessary to pass upon it as a question inhering in the record, because, if the liens could not be treated either as "debts" or as "claims against the estate," the year's support could in no event be given priority, and for that reason the plaintiff's case would necessarily fail.

■ The questions next to be considered were raised by the demurrer to the defendant's amendment. To the extent that this amendment challenged the year's support, on the ground that before applying for the same the widow had elected to accept the provision made for her in her husband's will in lieu of dower and year's support, it attempted to raise an issue that would have constituted proper matter for caveat in the court of ordinary. The return of the appraisers having included the property against which the city held the liens for paving, the city would have been qualified as a "person concerned" to object to the return upon such ground. Code, § 113-1005; *Mathews* v. *Rountree*, 123 *Ga.* 327 (51 S. E. 423). Such an election, without more, would require only an expression of choice by the widow in some appropriate manner; and therefore a caveat limited to that ground would present no issue as to title, so as to exceed the jurisdiction of the court of ordinary. *Forester* v. *Watford*, 67 *Ga.* 508; *Dix* v. *Dix*, 132 *Ga.* 630 (2) (64 S. E. 790). Accordingly, as to this issue, the amendment amounted to a collateral attack upon the year's support, and did not set forth a valid defense to the instant suit. *Chambliss* v. *Bolton*, 146 *Ga.* 734 (92 S. E. 204); *Bass* v. *Douglass*, 150 *Ga.* 678 (104 S. E. 625); *McNair* v. *Rabun*, 159 *Ga.* 401 (4), 410 (126 S. E. 9); *Kerr* v. *McAnally*, 183 *Ga.* 365 (1) (188 S. E. 687). The right of a lien holder to file a caveat on such ground was not involved in *Paulk* v. *City of Ocilla*, 55 *Ga. App.* 479 (190 S. E. 409).

Nor was the year's support void, as alleged in the same amendment, because the order admitting the return of the appraisers to

record was entered within less than twenty-eight days from the first publication of citation. It appears from the allegations that the citation was published once a week for four calendar weeks next preceding the date of the order; and this was a compliance with the law, even though the first publication may have been made less than 28 days before the order was passed. See Code, §§ 39-1102, 113-1005, 113-1212; *Bird* v. *Burgsteiner,* 100 *Ga.* 486 (28 S. E. 219) ; *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85) ; *Smith* v. *Associated Mortgage Companies,* 186 *Ga.* 121 (197 S. E. 222) ; *Heist* v. *Dunlap,* 193 *Ga.* 462 (18 S. E. 2d, 837) ; *McDonald* v. *Baxley,* 40 *Ga. App.* 713 (151 S. E. 413). Whether or not a failure to publish citation for the *required* time would be jurisdictional, so as to render the judgment of the court of ordinary subject to collateral attack, need not now be determined.

So if the amendment to the answer had alleged nothing more than what has just been stated, it would not have been sufficient to withstand the plaintiff's demurrer; but it alleged also, in effect, that the widow and her daughter had under the terms of the will accepted these lots as their property, had taken charge of them, and received the income therefrom, before they were set apart as a year's support, and therefore that the year's support was void as to this property, since it was not at the time a part of the decedent's estate. It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary simply will not attach to such property, but will be void as applied thereto. *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20 (111 S. E. 419) ; *Bank of Wrightsville* v. *Powell,* 163 *Ga.* 291 (135 S. E. 922) ; *Exchange Bank* v. *Cash,* 169 *Ga.* 753 (151 S. E. 345) ; *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672 (180 S. E. 604) ; *Richey* v. *First National Bank of Commerce,* 180 *Ga.* 751 (180 S. E. 740; *Matthews* v. *Manhattan Life Insurance Co.,* 55 *Ga. App.* 204 (189 S. E. 858). The amendment to the answer thus contained one valid attack upon the year's support, and therefore the court did not err in overruling the plaintiff's general demurrer assailing the amendment as a whole. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333) ; *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (2) (22 S. E. 2d, 143).

■ We find in the record, however, no sufficient evidence to prove such defense. The only evidence that could even be thought to show that the title to this property had passed from the estate to Mrs. Strickland and her daughter, as alleged by the defendants, was the testimony of J. B. Truett, that during the time he was executor Mrs. Strickland did receive moneys and benefits from the estate, or that she and her daughter "got the returns" therefrom. So far as appears, they received income only from the *estate,* and received that only through the executor or executors. There was no evidence as to the amount they received, and it may have been entirely consistent with the year's support as finally awarded. Code, § 113-1004; *Wells* v. *Wilder,* 36 *Ga.* 194 (2); *Simmons* v. *Byrd,* 49 *Ga.* 286 (2); *Cross* v. *Johnson,* 82 *Ga.* 67 (2) (8 S. E. 56); *Reynolds* v. *Norvell,* 129 *Ga.* 512 (2) (59 S. E. 299); *Hill* v. *Hill,* 36 *Ga. App.* 327 (136 S. E. 480). Moreover, there was nothing to show that the legacy to Mrs. Strickland was ever assented to by the executors, or that she ever accepted or agreed to accept it under the terms of the will; and it does not appear that either she or her daughter was ever in possession of this property or exercised or attempted to exercise any ownership over it. The evidence thus completely failed to establish the pleaded defense that this property had passed from the estate of the decedent before it was set apart as a year's support. Nor did it otherwise appear that the year's support was invalid for any reason. See also, in this connection, Code, §§ 31-103, 31-110 (2), 113-801, 113-1007; *Aldridge* v. *Aldridge,* 79 *Ga.* 71 (3 S. E. 619); *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602); *Coastal Public Service Co.* v. *Mordecai,* 49 *Ga. App.* 60 (174 S. E. 147); *Lanier* v. *Lanier,* 61 *Ga. App.* 123 (5 S. E. 2d, 923); *Clark* v. *Clark,* 62 *Ga. App.* 738 (3) (9 S. E. 2d, 710).

It follows that the finding by the judge in favor of the defendants as to invalidity of the year's support was contrary to the evidence and without evidence to support it; and for this reason the court erred in not granting a new trial on the general grounds. This ruling being controlling upon the record as now presented, it is unnecessary to pass upon either of the special grounds.

*Judgment reversed. All the Justices concur.*