1. In the instant suit against a municipality and its levying officer, for equitable relief to prevent enforcement of assessments and executions against described property for street paving, in which the plaintiff alleged preferred claim on ground that the property had been set apart to her mother as a year's support from the estate of her deceased father and afterwards inherited by the plaintiff as sole heir at law of her mother, it appearing also that the assessments for the paving were not made until several years after death of such husband and father: held, that where a year's support is duly set apart to a widow, it will take precedence over the lien of a paving assessment previously made against the same property as a part of her husband's estate, even though it was not made until after the husband's death, if, as appeared in this case, the property against which it was made was still held and controlled by his executors as a part of his estate for the purpose of administration.
2. Where a widow applies for a year's support from the estate of her deceased husband, if she has elected previously to accept a provision made for her in her husband's will in lieu of year's support, the holder of a lien against property included in the appraisers' return may plead such election by way of caveat to the return, and cannot assert it collaterally against the year's support after it has been granted.
(a) An order by the court of ordinary admitting to record the return of appraisers in a year's-support proceeding is not invalid because it was entered within less than twenty-eight days from the first publication of citation, where publication was made once a week for four calendar weeks next preceding the date of such order.
(b) A year's support may be set apart to a widow only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary will not attach to such property, but will be void as applied thereto. Under this ruling, the amendment to the defendants answer contained one valid attack upon the year's support; and there fore the court did not err in overruling the plaintiff's general demurrer assailing the amendment as a whole. *Page 653 
3. The evidence, however, failed to establish the alleged defense that the property set apart as a year's support had theretofore passed from the decedent's estate; nor did it otherwise appear that the year's support was invalid for any reason. Accordingly, the finding by the trial judge in favor of the defendants as to invalidity of the year's support was contrary to the evidence and without evidence to support it; and for this reason it was error to overrule the plaintiff's motion for a new trial.
 No. 14614. OCTOBER 7, 1943.
This case involves a contest between assessments and executions for street paving in the City of Blackshear, and an award of a year's support to a widow; the property in controversy being three city lots owned by John A. Strickland at the time of his death, and later set apart to his widow, Mrs. Leila M. Strickland. After the property had thus been set apart to her as a year's support, Mrs. Strickland died intestate, leaving as her sole heir at law a daughter, Mrs. Aline S. Johnson, nee Aline Moore Strickland. Mrs. Johnson was appointed as administratrix of her mother's estate, and thereafter as an individual and as administratrix filed a suit in equity against the City of Blackshear and M. L. Gray as city marshal, praying for injunction and general relief. By an amendment she prayed for cancellation of the assessments and the executions as clouds upon her title. Under the statute providing for such assessments, they merely created liens against the abutting property, and did not involve other liability. See amendment of the city charter, Ga. L. 1927, p. 921.
The plaintiff's suit was based mainly upon two theories, (1) that the year's support was superior to the paving assessments; and (2) that, regardless of priority, the executions were barred by the statute of limitations, more than seven years having elapsed since they were issued, and no such entry having been made and recorded as would keep them in life. The defendants answered, denying some of the plaintiff's allegations of fact, and admitting others, but not conceding her legal conclusions. Later they so amended their answer as to assert the following as affirmative defenses: (1) Election by Mrs. Strickland, before applying for a year's support, to accept a provision which her husband had made for her in his will, expressly in lieu of dower and year's support; (2) that she and her daughter, Aline Moore Strickland, had, under the terms *Page 654 
of her husband's will, accepted title to the three city lots in controversy, before they were set apart to her as a year's support, and that she could not take a year's support in property which had thus ceased to be a part of her deceased husband's estate; (3) the judgment of the court of ordinary admitting to record the return of the appraisers in the year's-support proceeding was void, because it was rendered within less than twenty-eight days after the first publication of citation, the same having been published on July 11, 17, and 24, and August 2, 1940, and the order on such return having been entered on August 5, 1940.
The plaintiff filed a general demurrer to the defendants' amendment, which demurrer was overruled, and she excepted pendente lite. The case was then tried by consent before the judge without a jury. The judge after hearing evidence found, among other things, that the executions were dormant and unenforceable. He also, however, found that the year's-support proceedings were void as to this property, because it did not belong to the estate of the deceased husband at the time it was set apart, and, on basis of these findings, entered a decree enjoining enforcement of the executions, but denying the relief of cancellation. The plaintiff's motion for a new trial, on the general grounds and on two special grounds, was overruled, and she excepted, assigning error on the rulings adverse to her.
It appeared from the pleadings and the evidence that John A. Strickland died in August, 1925, leaving a will which was probated in common form in September following. The will named as executors Alonzo J. Strickland, P. L. Pomeroy, and J. B. Truett, to whom letters testamentary were issued. In item 9 the testator provided a trust for a son named Robert, who died single in the year 1929. Items 10 and 11 were as follows: (10) "I hereby give and bequeath subject to the provisions contained in the above paragraph to my beloved wife and daughter, Leila Moore Strickland and Aline Moore Strickland, all of the property that I die possessed of, both real, personal and mixed, share and share alike, to be theirs in fee simple, absolutely and forever, provided only that such bequeath shall not become operative and effective until the time when my said daughter shall arrive at the age of 35 years." (11) "This provision for my wife to be in lieu of a year's support and all her right of dower in my said estate." *Page 655 
The paving assessments were based upon an ordinance adopted by the mayor and council of the City of Blackshear on February 24, 1931. The executions were issued on April 7, 1931, against the three city lots in question, and against P. L. Pomeroy, A. J. Strickland, and J. B. Truett, "executors of the John A. Strickland estate," as owners of said property, for the full amount of the assessments. They were levied by the city marshal on April 5, 1941, upon the three lots respectively, "as the property of J. B. Truett, surviving executor of the estate of John A. Strickland, deceased, and as the property of the heirs of John A. Strickland, deceased." The facts stated in this paragraph were alleged in the plaintiff's petition, and were admitted in the defendants' answer.
The following was the only evidence touching election of Mrs. Strickland to take the devise instead of year's support, or as to whether any of the property that was set apart to her as a year's support had theretofore passed from the estate of her husband to herself and her daughter, as alleged by the defendants:
J. B. Truett, a witness for the plaintiff, testified as follows: Direct examination: "My name is J. B. Truett. I am one of the executors of the will of John A. Strickland. The other two executors were A. J. Strickland and P. L. Pomeroy. They are dead." Cross-examination: "I do not remember when the petition was filed for a year's support for the widow of John A. Strickland. I remember that it was filed. During the time that I was one of the executors of this will and the estate of John A. Strickland, Mrs. Strickland did receive benefits, moneys or such like, from the estate. I judge she did. I suppose I did pay her some money. She was entitled to it." Q. (By Mr. Purdom.) "The truth about the matter, she lived off this estate from the time Mr. Strickland died as long as you had anything to do with the estate, didn't she?" A. "I think she had some separate income. She got the returns from the estate, she and her daughter, Mrs. Johnson. They received returns of the estate from that time. It took quite a bit for Mrs. Strickland in the condition she was in physically, doctor's bills and such like. Mrs. Aline Johnson was the daughter of Mrs. Leila Strickland and Mr. John Strickland. The only heirs of Mr. John Strickland were his only son Robert and Miss Aline Strickland, who later married a Johnson, and Mrs. Leila Strickland, the widow. I am not an executor now. . . I don't *Page 656 
recall the date of my discharge. I think I was discharged after the year's support was had in the ordinary's court."
In her motion for new trial the plaintiff complained that the court erred in admitting the testimony of J. B. Truett, to the effect that Mrs. Strickland had received benefits and moneys from the estate, and had "got the returns from the estate," over objection that such evidence was irrelevant and amounted to a collateral attack upon the judgment of the court of ordinary setting apart a year's support, which, it was contended, could not be so attacked. On the same grounds of objection the plaintiff assigned error upon rulings admitting in evidence the copy of the will of John A. Strickland, containing, among others, the provisions set forth above, and a copy of the probate proceedings.
The plaintiff sought injunction to restrain enforcement of executions for paving assessments, and prayed that the assessments and the executions be canceled. She asserted title to the property involved, as sole heir at law of her mother, to whom the property had been set apart as a year's support, and who died intestate. She sued as an individual and as administratrix, presenting mainly two contentions: (1) that the year's support was superior to the paving assessments; (2) that, regardless of priority, the executions were barred by the statute of limitations. The trial resulted in a finding and decree in favor of the plaintiff on the latter issue, and granting an injunction upon that ground, but sustaining the defendants' contention as to invalidity of the year's support, and denying the relief of cancellation. The plaintiff, having thus failed to obtain all of the substantial relief sought in her petition, and having actually suffered an adverse adjudication as to validity of the year's support, filed a motion for a new trial, which after amendment was overruled, and she excepted. She also complained of an order overruling her demurrer attacking an amendment to the defendants' answer.
Since the finding and decree as to dormancy of the executions were favorable to the plaintiff, and there were no cross-exceptions by the defendants, the facts touching that issue were not developed in the statement and no further reference to it will be made in this opinion.
1. It has been held by this court that where property of a decedent *Page 657 
is duly set apart to his widow as a year's support, in accordance with the Code, §§ 113-1002 et seq., the right of the widow under such claim will take precedence over the lien of a paving assessment previously made against the same property as that of her husband. Tomlinson v. Adel, 169 Ga. 758
(151 S.E. 482); City of Waycross v. Crawley, 186 Ga. 894
(199 S.E. 228); City of Baxley v. Drew, 190 Ga. 486, 490
(9 S.E.2d 751). But since the assessments here were not made until several years after the husband's death, the question arises as to whether the same rule as to priority may be applied in such case; for it has also been ruled in effect that a year's support is superior only to liens created by a decedent, or arising by operation of law, during his ownership. Murphy v. Vaughan,55 Ga. 361; Gleason v. Traynham, 111 Ga. 887 (3) (36 S.E. 969); Paulk v. Ocilla, 188 Ga. 69 (3) (2 S.E.2d 642). It has long been recognized, however, that the statutes regarding year's support are to be construed liberally in favor of the dependents; and so the phrase "during his ownership," as used in the decisions, evidently does not refer to ownership solely within the lifetime of the husband or father, but includes ownership or control by his legal representatives, for the purpose of administration, after his death. Olmstead v.Clark, 181 Ga. 478 (182 S.E. 513); City of Waycross v.Cottingham, 60 Ga. App. 463 (4 S.E.2d 67). While a lien arising by operation of law after his death could hardly be a "debt" within the purview of section 113-1002, it may be a "claim against the estate" within the meaning of section 113-1508. In the instant case the petition alleged that the executions for the paving assessments were issued in 1931 against the city lots in question, and against P. L. Pomeroy, A. J. Strickland, and J. B. Truett, "executors of the John A. Strickland estate," as owners of said property; and this averment was admitted by the defendants in their answer. Accordingly, the record establishes, at least prima facie, that although the husband had died several years before the assessments were made, his estate was still in process of administration, and the lots were still held by his executors for the purpose of administration, at the time the liens arose. It appears also that the application for year's support was not filed until after the assessments had thus been made against the property as a part of the estate of the decedent; and in these circumstances, the assessments and executions would constitute *Page 658 
"claims against the estate," within the Code, § 113-1508. The year's support was therefore entitled to priority, in so far as accrual of the liens after the husband's death is concerned. Compare Herrington v. Tolbert, 110 Ga. 528, 536
(35 S.E. 687); Fullbright v. Boardman, 159 Ga. 162 (125 S.E. 44).
While the question discussed in this division was not specifically argued in the briefs, or at least was not stressed, we have deemed it necessary to pass upon it as a question inhering in the record, because, if the liens could not be treated either as "debts" or as "claims against the estate," the year's support could in no event be given priority, and for that reason the plaintiff's case would necessarily fail.
2. The questions next to be considered were raised by the demurrer to the defendant's amendment. To the extent that this amendment challenged the year's support, on the ground that before applying for the same the widow had elected to accept the provision made for her in her husband's will in lieu of dower and year's support, it attempted to raise an issue that would have constituted proper matter for caveat in the court of ordinary. The return of the appraisers having included the property against which the city held the liens for paving, the city would have been qualified as a "person concerned" to object to the return upon such ground. Code, § 113-1005; Mathews v. Rountree,123 Ga. 327 (51 S.E. 423). Such an election, without more, would require only an expression of choice by the widow in some appropriate manner; and therefore a caveat limited to that ground would present no issue as to title, so as to exceed the jurisdiction of the court of ordinary. Forester v. Watford,67 Ga. 508; Dix v. Dix, 132 Ga. 630 (2) (64 S.E. 790). Accordingly, as to this issue, the amendment amounted to a collateral attack upon the year's support, and did not set forth a valid defense to the instant suit. Chambliss v. Bolton,146 Ga. 734 (92 S.E. 204); Bass v. Douglass, 150 Ga. 678
(104 S.E. 625); McNair v. Rabun, 159 Ga. 401 (4), 410 (126 S.E. 9); Kerr v. McAnally, 183 Ga. 365 (1) (188 S.E. 687). The right of a lien holder to file a caveat on such ground was not involved in Paulk v. City of Ocilla, 55 Ga. App. 479
(190 S.E. 409).
Nor was the year's support void, as alleged in the same amendment, because the order admitting the return of the appraisers to *Page 659 
record was entered within less than twenty-eight days from the first publication of citation. It appears from the allegations that the citation was published once a week for four calendar weeks next preceding the date of the order; and this was a compliance with the law, even though the first publication may have been made less than 28 days before the order was passed. See Code, §§ 39-1102, 113-1005, 113-1212; Bird v. Burgsteiner,100 Ga. 486 (28 S.E. 219); Plainville Brick Co. v.Williams, 170 Ga. 75 (152 S.E. 85); Smith v. AssociatedMortgage Companies, 186 Ga. 121 (197 S.E. 222); Heist v.Dunlap, 193 Ga. 462 (18 S.E.2d 837); McDonald v.Baxley, 40 Ga. App. 713 (151 S.E. 413). Whether or not a failure to publish citation for the required time would be jurisdictional, so as to render the judgment of the court of ordinary subject to collateral attack, need not now be determined.
So if the amendment to the answer had alleged nothing more than what has just been stated, it would not have been sufficient to withstand the plaintiff's demurrer; but it alleged also, in effect, that the widow and her daughter had under the terms of the will accepted these lots as their property, had taken charge of them, and received the income therefrom, before they were set apart as a year's support, and therefore that the year's support was void as to this property, since it was not at the time a part of the decedent's estate. It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary simply will not attach to such property, but will be void as applied thereto. Odom v.Hoppendeitzel, 153 Ga. 20 (111 S.E. 419); Bank ofWrightsville v. Powell, 163 Ga. 291 (135 S.E. 922);Exchange Bank v. Cash, 169 Ga. 753 (151 S.E. 345);Backer v. City Bank Trust Co., 180 Ga. 672
(180 S.E. 604); Richey v. First National Bank of Commerce, 180 Ga. 751
(180 S.E. 740; Matthews v. Manhattan Life Insurance Co.,55 Ga. App. 204 (189 S.E. 858). The amendment to the answer thus contained one valid attack upon the year's support, and therefore the court did not err in overruling the plaintiff's general demurrer assailing the amendment as a whole. Blaylock
v. Hackel, 164 Ga. 257 (5) (138 S.E. 333); Pardue MedicineCo. v. Pardue, 194 Ga. 516 (2) (22 S.E.2d 143). *Page 660 
3. We find in the record, however, no sufficient evidence to prove such defense. The only evidence that could even be thought to show that the title to this property had passed from the estate to Mrs. Strickland and her daughter, as alleged by the defendants, was the testimony of J. B. Truett, that during the time he was executor Mrs. Strickland did receive moneys and benefits from the estate, or that she and her daughter "got the returns" therefrom. So far as appears, they received income only from the estate, and received that only though the executor or executors. There was no evidence as to the amount they received, and it may have been entirely consistent with the year's support as finally awarded. Code, § 113-1004; Wells v. Wilder,36 Ga. 194 (2); Simmons v. Byrd, 49 Ga. 286 (2); Cross v.Johnson, 82 Ga. 67 (2) (8 S.E. 56); Reynolds v. Norvell,129 Ga. 512 (2) (59 S.E. 299); Hill v. Hill, 36 Ga. App. 327
(136 S.E. 480). Moreover, there was nothing to show that the legacy to Mrs. Strickland was ever assented to by the executors, or that she ever accepted or agreed to accept it under the terms of the will; and it does not appear that either she or her daughter was ever in possession of this property or exercised or attempted to exercise any ownership over it. The evidence thus completely failed to establish the pleaded defense that this property had passed from the estate of the decedent before it was set apart as a year's support. Nor did it otherwise appear that the year's support was invalid for any reason. See also, in this connection, Code, §§ 31-103, 31-110 (2), 113-801, 113-1007;Aldridge v. Aldridge, 79 Ga. 71 (3 S.E. 619); Fulghum v.Fulghum, 111 Ga. 635 (36 S.E. 602); Coastal Public ServiceCo. v. Mordecai, 49 Ga. App. 60 (174 S.E. 147); Lanier v.Lanier, 61 Ga. App. 123 (5 S.E.2d 923); Clark v.Clark, 62 Ga. App. 738 (3) (9 S.E.2d 710).
It follows that the finding by the judge in favor of the defendants as to invalidity of the year's support was contrary to the evidence and without evidence to support it; and for this reason the court erred in not granting a new trial on the general grounds. This ruling being controlling upon the record as now presented, it is unnecessary to pass upon either of the special grounds.
Judgment reversed. All the Justices concur. *Page 661